[Cite as *In re A.G.*, 2014-Ohio-4927.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101010**

**IN RE: A.G.**
**A Minor Child**

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 12117864

**BEFORE:** Stewart, J., Rocco, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 6, 2014

**ATTORNEYS FOR APPELLANT**

Timothy Young
State Public Defender

BY:   Charlyn Bohland
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, OH   43215


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Eben McNair
         Anne Kovoor
Assistant County Prosecutors
Juvenile Justice Center
9300 Quincy Avenue, 4th Floor
Cleveland, OH   44106

MELODY J. STEWART, J.:

{¶1} This is a case of first impression in our court whereby we are asked to extend the substance and effect of R.C. 2941.25, the allied offenses statute, beyond its statutory boundaries and hold that a juvenile's multiple term of commitment for allied offenses of similar import violates constitutional double jeopardy protections. At this juncture, we decline to do so.

{¶2} On June 29, 2012, at 1:00 a.m., the victim in this case drove to his neighborhood beverage store. While at the store, he withdrew money from an ATM located within the store and proceeded to walk back to his car. As he approached his car, the victim was stopped by a man with a gun. The victim described the incident as: "And I'm thinking he's [fixing] to go to the store, but instead he pulls a small revolver out of his pocket and tells me to get in the car. I stood there and looked at him. Then he said, get in the car, n****r, or I will shoot you. And I looked and I turned and I ran * * *." Police investigated the robbery and found a fingerprint on the car that did not belong to the victim. The police traced the fingerprint to A.G., then 15 year's old.

{¶3} A two-count complaint was filed in the Cuyahoga County Court of Common Pleas, Juvenile Division against A.G. on October 24, 2012. Count 1 of the complaint alleged that A.G. was a delinquent child for committing aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony if committed by an adult, enhanced with a firearm specification. Count 2 of the complaint alleged that A.G. was delinquent for committing kidnapping, in violation of R.C. 2905.01(A)(2), a first-degree felony if committed by an adult, also enhanced with a firearm specification. A.G. was subsequently arraigned and a probable cause hearing was scheduled.

{¶4} The state requested that the juvenile court relinquish jurisdiction and bind over A.G. to the general division — (criminal court) for prosecution as an adult. The juvenile court

declined to do so after determining that A.G. would be amenable to rehabilitation in the juvenile system.

{¶5} A.G. admitted to the aggravated robbery and kidnapping counts in the complaint, and the court adjudicated him delinquent on both counts. At the disposition hearing on December 20, 2013, the court imposed a commitment to the Ohio Department of Youth Services (DYS) for a minimum of three years with a maximum to A.G.'s 21st birthday. In imposing this commitment, the court found that the firearm specifications merged because both specifications arose out of a single incident, but the court entered separate commitments for the aggravated robbery and kidnapping counts. Altogether, a one-year commitment was imposed for the firearm specification; 12-months for the aggravated robbery count; and 12-months for the kidnapping count. The court ordered that the commitments be served consecutively for a total minimum commitment of three years in DYS.

{¶6} A.G. now appeals the disposition of his case raising two assignments of error for our review. First A.G. argues that the juvenile court erred when it failed to merge his adjudications for aggravated robbery and kidnapping. He contends that aggravated robbery and kidnapping are allied offenses of similar import that should have merged and argues that the failure to merge the two offenses constitutes a violation of the double jeopardy protections of the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 10 and 16, of the Ohio Constitution. In his second assignment of error, A.G. argues that his trial counsel was ineffective for failing to object to A.G.'s adjudication for allied offenses of similar import, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 10 and 16, of the Ohio Constitution.

**{¶7}** In its appellate brief, the state conceded error on the grounds that juveniles are entitled to the same double jeopardy protections as adults, and that since adult defendants have a constitutional right to be free of double jeopardy that is codified in R.C. 2941.25, then juveniles also have a right to be free from multiple terms of incarceration for offenses that should merge as allied offenses of similar import. During oral argument, however, the state retracted its concession.

**{¶8}** The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution states that no person "shall * * * be subject for the same offense to be twice put in jeopardy of life or limb." It has been long understood that the Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." (Footnotes omitted.) *North Carolina v. Pearce*, 395 U.S. 711, 23 L.Ed.2d 656, 89 S.Ct. 2072 (1969). Accordingly, the Clause serves the function of preventing both successive prosecutions and successive punishments for the same offense. *United States v. Dixon*, 509 U.S. 688, 696, 125 L.Ed.2d 556, 113 S.Ct. 2849 (1993), citing *Pearce*. The Ohio Constitution also provides the same double jeopardy protections as the United States Constitution — proscribing both successive prosecutions and successive punishments for the same offense. Article I, Section 10; *State v. Moss*, 69 Ohio St.2d 515, 518, 433 N.E.2d 181 (1982).

**{¶9}** The question that courts are often called upon to resolve in double jeopardy cases is what exactly constitutes the "same offense" for double jeopardy purposes. This question is analyzed differently depending on whether the defendant is being reprosecuted for the same offense or the state is attempting to impose multiple punishments for the same offense. In this

case, A.G. objects to the separate commitments imposed on the aggravated robbery and kidnapping counts — two offenses that he claims constitute the same offense for double jeopardy purposes.

{¶10} The Fifth Amendment double jeopardy guarantee against successive punishments serves principally as a restraint on court and prosecutorial discretion in sentencing and charging. *Ohio v. Brown*, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). As the Ohio Supreme Court instructs, the hazard, from a constitutional standpoint in double jeopardy cases of this nature, is that a court might impose a greater sentence than prescribed by the legislature. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 25. Accordingly, it is not a violation of double jeopardy for a person to be punished for multiple offenses arising from a single criminal act, as long as the General Assembly intended cumulative punishment for those offenses. *Id.*, citing *State v. Rance*, 85 Ohio St.3d 632, 635, 710 N.E.2d 699 (1999). Thus, the guiding principle for courts when determining what constitutes the "same offense" for double jeopardy purposes is whether the legislature signals its intent to either prohibit or permit cumulative punishments for a criminal act that may qualify as two crimes. *Johnson* at ¶ 25.

{¶11} While prosecutorial conduct and judicial action are constrained by the double jeopardy protections, the legislature remains free to define crimes and fix punishments. *See Moss* at 518, citing *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); *Whalen v. United States*, 445 U.S. 684, 689, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); *Brown* at 165. However, once the legislature has acted by either proscribing or permitting multiple punishments or prosecutions, courts must act in accordance with those guidelines and may not impose more than one punishment for acts that the legislature deems to be the same offense. *Brown* at ¶ 161.

{¶12} It is important to note that the language of the Double Jeopardy Clause in both the United States and Ohio Constitutions does not protect a person from being sentenced or punished for allied offenses of similar import, rather double jeopardy only protects a person from being sentenced or punished for the same offense.

{¶13} At a minimum, the applicable standard for determining whether two offenses are the same for purposes of double jeopardy is laid out in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In *Blockburger* the United States Supreme Court stated, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* The *Blockburger* test has been interpreted to mean that a defendant may be convicted of two offenses arising out of the same criminal incident if each crime contains an element that the other does not. *Dixon*, 509 U.S. at 696-697, 113 S.Ct. 2849, 125 L.Ed.2d 556. The *Blockburger* test requires courts to look strictly at the proof necessary to prove the statutory elements of each offense without regard to the evidence to be introduced at trial. *Illinois v. Vitale*, 447 U.S. 410, 416, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980).

{¶14} The *Blockburger* test, however, is not controlling in cases where the legislature manifests a clear rule for determining what constitutes the same offense. *See Albernaz*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275, at paragraph four of the syllabus. And, of course, legislatures are free to provide greater constitutional protections than *Blockburger* provides as long as this intent is clearly shown. *See Rance*, 85 Ohio St.3d at 635, 710 N.E.2d 699.

{¶15} By enacting R.C. 2941.25, the Ohio General Assembly has signaled its intent to prohibit cumulative punishments for crimes that are considered "allied offenses of similar

import." The General Assembly provided the statute as a guide for courts to determine whether particular offenses were intended to be merged as the same offense for double jeopardy purposes. *Rance* at 635-636. As the Ohio Supreme Court declared, R.C. 2941.25 is a prophylactic statute that protects a defendant's rights under the United States and Ohio Constitutions. *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, at ¶ 45. The general understanding is that the defendant is not placed in jeopardy twice for the same offense so long as courts properly apply R.C. 2941.25 to determine the intent of the General Assembly with regard to the merger of offenses. *Id.* at ¶ 25. R.C. 2941.25 provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶16}** The effect of R.C. 2941.25 is that courts are to merge offenses when the offenses are closely related and arise out of the same occurrence. *Johnson* at ¶ 43. In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct. *Id.* at ¶ 48, citing *Ohio v. Blankenship*, 38 Ohio St.3d 116, 119, 526 N.E.2d 816 (1988). "If the offenses correspond to such a degree that the conduct constituting commission of one offense constitutes commission of the other, then the offenses are of similar import." *Johnson* at ¶ 48.

**{¶17}** "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct that is 'a single act, committed with a single state of mind.'" *Johnson* at ¶ 49, citing *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50 (Lanzinger , J., concurring). "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged." *Johnson* at ¶ 50.

**{¶18}** Thus, unlike *Blockburger,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306, which mandates that each offense require proof of an element that the other does not in order to find that two offenses are not the same offense, under R.C. 2941.25 all that is required to find that two offenses are allied and should merge is whether it is possible to commit one offense and commit the other with the same conduct. Therefore, R.C. 2941.25 provides greater protection against double jeopardy violations than that prescribed in *Blockburger*.

**{¶19}** Here, we recognize that the offenses of aggravated robbery and kidnapping can be committed with the same conduct and therefore are potentially allied offenses of similar import if they arise out of the same conduct. Indeed, in *State v. McGee*, 8th Dist. Cuyahoga No. 92019, 2010-Ohio-2081 (defendant convicted and sentenced for kidnapping and aggravated robbery after he and codefendants robbed a check-cashing business at gun point) we held that there was no evidence to suggest that the kidnapping was anything but incidental to the aggravated robbery. *Id*. at ¶ 51-53. Similar to the facts in *McGee*, A.G. held the victim at gun point in order to effectuate a robbery. Brandishing the gun and ordering the victim to get in the car in this instance is the same conduct that constituted both the aggravated robbery and the kidnapping. During the probable cause hearing, the victim testified that the entire encounter with A.G. lasted

three minutes. Therefore we recognize that these crimes are allied offenses of similar import under R.C. 2941.25.

**{¶20}** In Ohio however, courts (including this one) have held that R.C. 2941.25, a criminal statute, does not apply to juvenile delinquency proceedings that are not criminal in nature. *In re J.H.*, 8th Dist. Cuyahoga No. 85753, 2005-Ohio-5694, ¶ 15. *See also In re M.C.*, 6th Dist. Erie No. E-12-031, 2013-Ohio-2808, ¶ 21, *discretionary appeal not allowed,* 137 Ohio St.3d 1413, 2013-Ohio-5096, 998 N.E.2d 512; *In re M.K.*, 6th Dist. Erie No. E-12-025, 2013-Ohio-2027, ¶ 11; *In re Bowers*, 11th Dist. Ashtabula No. 2002-A-0010, 2002-Ohio-6913, ¶ 23; *In re J.H.*, 8th Dist. Cuyahoga No. 85753, 2005-Ohio-5694, ¶ 15-20; *In re H.F.*, 8th Dist. Cuyahoga No. 94840, 2010-Ohio-5253, ¶ 13-15; *In re S.S.*, 4th Dist. Vinton No. 10CA682, 2011-Ohio-4081, ¶ 29.

**{¶21}** In *In re Skeens*, 10th Dist. Franklin Nos. 81AP-882 and 81AP-883, 1982 Ohio App. LEXIS 12181 (Feb. 25, 1982), the Tenth District Court of Appeals set forth the rationale for holding that R.C. 2941.25 does not apply to juveniles:

> R.C. 2941.25(A) does not apply to situations where a minor is alleged to be a delinquent minor since, under our Juvenile Code, such a minor is not charged with a crime. While the commission of acts which would constitute a crime if committed by an adult sets the machinery of the Juvenile Court in motion, the issue before the court is whether or not the minor has engaged in the kind of conduct that constitutes delinquency and will therefore justify the intervention of the state to assume his protection and custody. Evidence that the minor committed acts that would constitute a crime if committed by an adult is used only for the purpose of establishing that the minor is delinquent, not to convict him of a crime and to subject him to punishment for that crime.

*Id*. at 6-7.

**{¶22}** *Skeens* was decided over 30 years ago, yet the General Assembly has not enacted a statute codifying double jeopardy protections in juvenile delinquency proceedings. Likewise,

there is no Ohio case that illuminates the standard for applying the multiple punishment-double jeopardy protections to delinquency proceedings when a juvenile is adjudicated delinquent for committing offenses subject to merger if committed by an adult. And the Ohio Supreme Court has declined discretionary appeal on the issue. *See In re M.C.*, 137 Ohio St.3d 1413, 2013-Ohio-5096, 998 N.E.2d 512, *reconsideration denied, 01/22/2014 Case Announcements,* 2014-Ohio-176.

{¶23} Still, the United States Supreme Court and the Ohio Supreme Court agree that the Double Jeopardy provisions of the United States Constitution and the Ohio Constitution apply to both juveniles and adults alike. While the Supreme Courts are in agreement, *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.E.2d 346 (1975); *see In re Cross*, 96 Ohio St.3d 328, 2002-Ohio-4183, 774 N.E.2d 258, ¶ 23 (recognizing that double jeopardy protections apply in juvenile delinquency proceedings), this does not mean that juveniles are constitutionally entitled to the same greater statutory protections afforded adults when it comes to consideration of allied offenses for double jeopardy purposes.

{¶24} This leaves us at the crossroads of deciding how to evaluate whether constitutional double jeopardy protections have been abridged in a juvenile delinquency proceeding when the adjudication involves the same or "allied" offenses. We hold that in the absence of clear instruction from the Ohio General Assembly, the test to be employed is set forth in *Blockburger,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306.

{¶25} As previously noted, in order to determine whether offenses should merge as the same offense under *Blockburger,* an appellate court is to examine the elements of multiple offenses and decide whether each offense requires proof of an element that the other does not. Courts are to examine the elements of each offense without regard to the evidence to be

introduced at trial. If two offenses require proof of a separate element, then the two offenses are not the same and should not be merged.

{¶26} In the present case, aggravated robbery, R.C. 2911.01, and kidnapping, R.C. 2905.01, are not the same offenses under a *Blockburger* analysis because they each require proof of at least one element that the other does not. For instance, aggravated robbery requires that the perpetrator commit or attempt to commit a theft offense. Kidnapping has no such requirement. Furthermore, kidnapping requires a person's liberty to be restrained, whereas aggravated robbery has no such requirement. While it is possible that the attempt to commit, or the commission of, a theft may result in the restraint of one's liberty and can thus be allied if they arise out of the same conduct, this is not the applicable analysis for deciding whether the offenses are the same under *Blockburger*. Accordingly, the trial court did not error by failing to merge the two offenses.

{¶27} A.G.'s first assignment of error is overruled. Resolution of this assigned error renders the second one, that trial counsel rendered ineffective assistance of counsel by failing to object to A.G.'s adjudication for allied offenses of similar import, moot.

{¶28} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court — Juvenile Division to carry this judgment into execution. The finding of delinquency having been affirmed, any bail or stay of execution pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

KENNETH A. ROCCO, P.J., and
EILEEN A. GALLAGHER, J., CONCUR