[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re A.G.,* Slip Opinion No. 2016-Ohio-3306.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-3306

IN RE A.G.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re A.G.,* Slip Opinion No. 2016-Ohio-3306.]

*Juvenile delinquency—The merger analysis set forth in* State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, applies to juvenile delinquency proceedings to protect a child's right against double jeopardy.*

(No. 2014-2190—Submitted December 15, 2015—Decided June 9, 2016.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 101010, 2014-Ohio-4927.

_____

SYLLABUS OF THE COURT

The merger analysis set forth in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, applies to juvenile delinquency proceedings to protect a child's right against double jeopardy.

_____

**LANZINGER, J.**

{¶ 1} In this case we are asked to determine the extent of double-jeopardy protections in juvenile delinquency proceedings. We reaffirm that juveniles are entitled to the same constitutional double-jeopardy protections as adults, and we hold that juvenile courts must conduct the same double-jeopardy analysis in delinquency proceedings that other courts apply in adult criminal proceedings.

## I. Case Background

{¶ 2} In June 2012, a person approached a man as the man was opening his car door after obtaining money from an ATM inside a store. The person pulled a gun out of his pocket and told the man that he would shoot him unless the man got into the car. The man did not comply but ran to his home nearby and lost track of the assailant. Police later took fingerprint samples from the car and found a fingerprint identifying A.G., who was 15 years old at the time of the event, as the assailant.

{¶ 3} A complaint was filed in juvenile court alleging that A.G. was delinquent for engaging in conduct that if committed by an adult would have constituted aggravated robbery in violation of R.C. 2911.01(A)(1) and kidnapping in violation of R.C. 2905.01(A)(2), with firearms specifications as to each. A.G. entered an admission to the allegations in the complaint. After finding the allegations proved beyond a reasonable doubt, the juvenile court ordered that A.G. be committed to the Department of Youth Services for minimum terms of one year each for the aggravated robbery and kidnapping adjudications. The court merged the firearm specifications into a single specification and imposed a one-year-commitment term for that specification. The court ordered all the terms to be served consecutively, for a total minimum commitment of three years, with the maximum commitment lasting until A.G turned 21 years old.

{¶ 4} A.G. appealed and raised two assignments of error. First, he argued that the juvenile court erred in failing to merge his adjudications for aggravated

2

robbery and kidnapping as "allied offenses of similar import" and that the failure to merge the adjudications violated the double-jeopardy protections contained in the United States and Ohio Constitutions. 2014-Ohio-4927, 21 N.E.3d 355, ¶ 6 (8th Dist.). Second, he argued that his trial counsel was ineffective for failing to raise the allied-offenses issue.

**{¶ 5}** The Eighth District Court of Appeals concluded that the aggravated robbery and kidnapping admitted to by A.G. would constitute allied offenses of similar import under R.C. 2941.25 if committed by an adult. Nevertheless, it reasoned that criminal statutes, including R.C. 2941.25, do not apply in juvenile delinquency proceedings. The court of appeals accordingly concluded that this court's decisions illustrating how R.C. 2941.25 should be applied are inapplicable to juvenile delinquency proceedings. The court instead turned to the test from *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which requires comparing the elements of the offenses at issue "without regard to the evidence to be introduced at trial." 2014-Ohio-4927, 21 N.E.3d 355, at ¶ 25. Relying on this decision, the Eighth District held that the juvenile court did not err in refusing to merge the adjudications for aggravated robbery and kidnapping, and it accordingly overruled A.G.'s first assignment of error and concluded that his second assignment of error regarding ineffective assistance of counsel was moot.

**{¶ 6}** A.G. appealed to this court, and we accepted jurisdiction over his proposition of law: "The merger analysis set forth in *State v. Johnson* applies to juvenile delinquency proceedings to protect a child's right against double jeopardy."[1] 142 Ohio St.3d 1464, 2015-Ohio-1896, 30 N.E.3d 973.

---

[1] Although A.G. argues that the analysis set forth in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, should apply in juvenile delinquency cases, our analysis focuses on this court's more recent statements regarding the law of merger.

II. Analysis

**{¶ 7}** A.G. argues that the merger analysis set forth in this court's decisions explaining how R.C. 2941.25 should be applied also applies to juvenile delinquency proceedings to protect the juvenile's right against double jeopardy. In so arguing, he asserts that R.C. 2941.25 is the codification of the constitutional merger principle rather than simply an enhanced statutory protection. The state counters that R.C. 2941.25 is a protection statute that applies only to adults because the statute addresses the merger of "convictions" and argues that the General Assembly's decision not to afford juveniles the protections given to adults in R.C. 2941.25 illustrates the legislature's intention to allow cumulative commitment periods for juveniles.

**{¶ 8}** The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, which applies to Ohio citizens through the Fourteenth Amendment to the United States Constitution, *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." Article I, Section 10 of the Ohio Constitution likewise provides, "No person shall be twice put in jeopardy for the same offense." We have noted that

> [t]he Double Jeopardy Clause protects against three abuses: (1) "a second prosecution for the same offense after acquittal," (2) "a second prosecution for the same offense after conviction," and (3) "multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds, Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

*State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10.

**{¶ 9}** Noting that there "is little to distinguish" an adjudicatory hearing in a juvenile delinquency case from a traditional criminal prosecution, the Supreme Court of the United States has held that jeopardy attaches during adjudicatory hearings. *Breed v. Jones*, 421 U.S. 519, 530-531, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). In reaching that conclusion, the court noted that similarities between criminal and juvenile delinquency proceedings militate in favor of providing full double-jeopardy protections to juveniles:

> We believe it is simply too late in the day to conclude * * * that a juvenile is not put in jeopardy at a proceeding whose object is to determine whether he has committed acts that violate a criminal law and whose potential consequences include both the stigma inherent in such a determination and the deprivation of liberty for many years.

*Id.* at 529. In addition to recognizing the stigma attached to a delinquency determination, the court noted that juveniles in delinquency proceedings bear essentially the same heavy pressures and psychological and physical burdens that are borne by adults in criminal cases, so that adults and juveniles alike should be subjected to only one such experience for the same offense. *Id.* at 530. We accordingly acknowledge that both the federal and Ohio Constitutions protect juveniles subject to delinquency proceedings from double jeopardy in the same fashion as they do adults. *See In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 26.

**{¶ 10}** Because juveniles receive constitutional protection from double jeopardy, the question before us is: To what extent do the Constitutions protect juveniles from the third type of double jeopardy mentioned previously, multiple punishments for the same offense? The state argues that the merging of allied

offenses of similar import constitutes "enhanced statutory protection" that does not stem from either the United States or Ohio Constitutions. A.G. argues that the merging of allied offenses is rooted in the Double Jeopardy Clauses of both Constitutions and that R.C. 2941.25 accordingly represents a codification of a constitutional principle.

{¶ 11} We agree with A.G. In discussing R.C. 2941.25 in *Ruff*, we have recently stated, "The General Assembly *in codifying double-jeopardy protections* has expressed its intent as to when multiple punishments can be imposed." (Emphasis added.) 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, at ¶ 12. Rather than providing enhanced double-jeopardy protections, R.C. 2941.25 codifies the protections established by the Ohio Constitution. And because the protections contained in R.C. 2941.25 encapsulate constitutional double-jeopardy protections, the language and principles of that statute can be applied to juveniles as well.

{¶ 12} It follows that under the Ohio Constitution, a juvenile's double-jeopardy protections are violated when that juvenile is subjected to multiple terms of commitment for conduct constituting allied offenses of similar import. Just as a judge in adult court would do to determine if conduct constitutes allied offenses of similar import, a juvenile judge must evaluate three separate factors: the juvenile's conduct, the juvenile's animus, and the import of the offenses. *Ruff* at paragraph one of the syllabus. The *Ruff* test for allied offenses accordingly applies to juvenile delinquency proceedings. A juvenile whose conduct supports multiple offenses may be subject to terms of commitment for all the offenses if any one of the following is true: "(1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *Id.* at paragraph three of the syllabus.

**{¶ 13}** Application of the *Ruff* test—rather than the *Blockburger* test developed by the United States Supreme Court—is necessary to both provide juveniles with proper double-jeopardy protection under the Ohio Constitution and to ensure that juveniles receive the same constitutional double-jeopardy protection as adults. Indeed, if we were to approve the Eighth District's application of the *Blockburger* comparison-of-the-elements test to juveniles, the practical consequence would be that merger would occur very rarely in juvenile courts, even when merger would occur in cases with identical facts involving adults. We have disavowed the application of an abstract, comparison-of-the-elements test in Ohio. *See Ruff* at ¶ 16. We no longer follow the test set forth in *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999). *See State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, at the syllabus (overruling *Rance*). Similarly we again disavow application of the test in the juvenile context.

**{¶ 14}** We note that our decision today fully comports with what we have termed "heightened goals of rehabilitation and treatment" of the juvenile court system in Ohio. *State v. D.H.*, 120 Ohio St.3d 540, 2009-Ohio-9, 901 N.E.2d 209, ¶ 38. By applying double-jeopardy protections to juveniles in a manner that ensures that they will receive only one term of commitment, rather than multiple terms of commitment, for conduct constituting allied offenses of similar import, juveniles who are fully rehabilitated and treated can be released at the conclusion of their minimum term, rather than be forced to serve a second, duplicative term for the same conduct for which they have been rehabilitated and treated. While juvenile judges in cases like A.G.'s will retain the discretion to extend the commitment period until the juvenile turns 21 years old, the merging of terms of commitment allows for the individualized, case-by-case treatment that is appropriate for juvenile cases.

### III. Conclusion

{¶ 15} We hold that the merger analysis set forth in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, applies to juvenile delinquency proceedings to protect a child's right against double jeopardy. We accordingly reverse the judgment of the court of appeals and remand the cause to the Eighth District to apply our holding to the facts of this case and for consideration of A.G.'s remaining assignment of error, if necessary.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER and O'NEILL, JJ., concur.

O'DONNELL, J., dissents with an opinion that KENNEDY and FRENCH, JJ., join.

_____

**O'DONNELL, J., dissenting.**

{¶ 16} Respectfully, I dissent.

{¶ 17} The majority today takes a criminal law statute related to whether allied offenses of similar import should be merged for purposes of criminal sentencing and applies that law to civil proceedings in juvenile court, taking another step toward characterizing proceedings in the juvenile court system as criminal in nature while upending settled constitutional principles regarding double jeopardy. The General Assembly did not intend that the allied offenses statute should apply to juveniles who are not criminals and who have not been convicted of any crimes. The judgment of the court of appeals should be affirmed.

**Plain Error Review**

{¶ 18} A.G. did not object to the consecutive commitments to the Department of Youth Services ("DYS") on the adjudications for delinquency for acts constituting aggravated robbery and kidnapping *if committed by an adult*. Failing to raise the allied offenses issue in the trial court forfeits the matter for

appellate review, except for plain error. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21-22.

**{¶ 19}** Although appellate courts have discretion to correct "[p]lain errors or defects affecting substantial rights," Crim.R. 52(B), the juvenile court's failure to apply the allied offenses statute in this case is not a "plain error." We have explained that error is not "plain" at the time the trial court committed it if this court had not yet recognized the error in a "definitive pronouncement" and Ohio appellate courts were divided on the issue. *State v. Barnes*, 94 Ohio St.3d 21, 28, 759 N.E.2d 1240 (2002).

**{¶ 20}** Before today's decision, this court had not held that the allied offenses statute applied to juvenile delinquency proceedings. And Ohio appellate courts had recognized that R.C. 2941.25 is a criminal statute that does not apply to juvenile delinquency proceedings, which are civil in nature. *E.g.*, *In re M.P.R.*, 12th Dist. Butler No. CA2014-10-209, 2015-Ohio-3102, ¶ 15, fn.1; *In re M.C.,* 6th Dist. Erie No. E–12–031, 2013-Ohio-2808, ¶ 21; *In re S.S.,* 4th Dist. Vinton No. 10CA682, 2011-Ohio-4081, ¶ 29; *In re H.F.*, 8th Dist. Cuyahoga No. 94840, 2010-Ohio-5253, ¶ 13; *In re Bowers,* 11th Dist. Ashtabula No. 2002-A-0010, 2002-Ohio-6913, ¶ 23; *but see In re T.L.*, 186 Ohio App.3d 42, 2010-Ohio-402, 926 N.E.2d 346, ¶ 46 (9th Dist.) *vacated in part on other grounds,* 127 Ohio St.3d 9, 2010-Ohio-4936, 935 N.E.2d 840.

**{¶ 21}** Thus, there is no *plain* error in these circumstances, and as we have explained, "if a forfeited error is not plain, a reviewing court need not examine whether the defect affects a defendant's substantial rights; the lack of a 'plain' error within the meaning of Crim.R. 52(B) ends the inquiry and prevents recognition of the defect." *Barnes* at 28.

### The Allied Offenses Statute

**{¶ 22}** The allied offenses statute, R.C. 2941.25, provides,

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 23} When the words of a statute demonstrate that " 'the General Assembly has plainly and unambiguously conveyed its legislative intent, there is nothing for a court to interpret or construe, and therefore, the court applies the law as written.' " *In re I.A.*, 140 Ohio St.3d 203, 2014-Ohio-3155, 16 N.E.3d 653, ¶ 12, quoting *State v. Kreischer,* 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, ¶ 12.

{¶ 24} Notably, R.C. 2941.25 uses the words "defendant," "offenses," "indictment or information," and "convicted." These are terms that specifically and expressly relate to and are consistent with adult criminal prosecutions. They have nothing to do with juvenile adjudications, which do not refer to juveniles as defendants, do not involve offenses or indictments or informations, and do not result in convictions.

{¶ 25} A defendant, we have explained, is " 'the accused in a criminal case,' " *State v. Wickline*, 50 Ohio St.3d 114, 118, 552 N.E.2d 913 (1990), quoting *Black's Law Dictionary* 377 (5th Ed.1979), that is, "one indicted or charged" in connection with a crime, *Wickline* at 118. The word "offense" means "crime." *State v. Rose*, 89 Ohio St. 383, 386, 106 N.E. 50 (1914). In Ohio, criminal offenses are charged

by indictment or information.  Article I, Section 10 of the Ohio Constitution; R.C. 2941.021.  And we have explained that for purposes of R.C. 2941.25, "a 'conviction' consists of a guilty verdict *and* the imposition of a sentence or penalty."  (Emphasis sic.)  *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 24.

{¶ 26} The allied offenses statute is wholly inconsistent with proceedings in juvenile court.  A juvenile is not a defendant or an accused but is a "child."  R.C. 2152.02(C)(1), 2152.021; *State v. Hanning*, 89 Ohio St.3d 86, 89, 728 N.E.2d 1059 (2000).  A juvenile delinquency case is not commenced by indictment or information, but rather it is the filing of a complaint that invokes the juvenile court's jurisdiction.  R.C. 2152.021; Juv. R. 2(F) and 10; *In re M.W.*, 133 Ohio St.3d 309, 2012-Ohio-4538, 978 N.E.2d 164, ¶ 21.  "Ohio juvenile proceedings do not result in criminal convictions—a juvenile court proceeding is a civil action, * * * and juveniles are 'adjudicated delinquent' rather than 'found guilty' * * *."  *State v. Adkins*, 129 Ohio St.3d 287, 2011-Ohio-3141, 951 N.E.2d 766, ¶ 10, quoting *State v. Hanning*, 89 Ohio St.3d 86, 89, 728 N.E.2d 1059 (2000).  And a juvenile receives a "disposition," not a sentence.  R.C. 2152.16, 2152.19.

{¶ 27} And this distinct terminology reflects that

[t]he juvenile courts were premised on profoundly different assumptions and goals than a criminal court, * * * with a focus on the state's role as parens patriae and the vision that the courts would protect the wayward child from "evil influences," "save" him from criminal prosecution, and provide him social and rehabilitative services.

*In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 66, citing *In re T.R.*, 52 Ohio St.3d 6, 15, 556 N.E.2d 439 (1990), *Children's Home of Marion*

*Cty. v. Fetter*, 90 Ohio St. 110, 127, 106 N.E. 761 (1914), and *Ex parte Januszewski*, 196 F. 123, 127 (C.C.Ohio 1911).

**{¶ 28}** When the legislature has intended juvenile adjudications to be treated as criminal convictions, it has expressly stated its intent. *See, e.g.,* R.C. 2923.13(A), 2950.01(B), and 2901.08(A). But in regards to allied offenses, the General Assembly did not make R.C. 2941.25 applicable to juvenile delinquency adjudications; thus, we are obliged to apply that law as written, and nothing in the statute authorizes or requires the juvenile court to merge delinquency adjudications that would be allied offenses if committed by an adult.

## Double Jeopardy

**{¶ 29}** Notwithstanding the plain language of the statute, the majority focuses on dicta in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 12, that referred to R.C. 2941.25 as "codifying double-jeopardy protections." This court was not asked in that case to decide whether the statute codifies constitutional rights against double jeopardy; instead, we considered "what 'import' means within the meaning of R.C. 2941.25." *Id.* at ¶ 9.

**{¶ 30}** The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords protections against the imposition of multiple criminal punishments for the same offense in successive proceedings. *Hudson v. United States,* 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997); *State v. Raber,* 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 24. As the Seventh Circuit Court of Appeals recently explained in *Boyd v. Boughton*, 798 F.3d 490, 497 (7th Cir.2015), fn. 5, "the Double Jeopardy Clause outright forbids multiple punishments for a single offense *only* when those punishments are imposed in successive proceedings." (Emphasis added.)

**{¶ 31}** However, when multiple punishments are imposed in the *same proceeding*, the Double Jeopardy Clause does nothing more than prevent the sentencing court from imposing greater punishment than *the legislature intended*.

*Garrett v. United States,* 471 U.S. 773, 793, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985); *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, at ¶ 16. In this way, the Double Jeopardy Clause embodies the basic principles that the power to define criminal offenses and prescribe punishment is vested in the legislative branch of government and that courts may impose sentences only as provided by statute. *Whalen v. United States*, 445 U.S. 684, 689, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

**{¶ 32}** The Double Jeopardy Clause therefore does not curtail the General Assembly's discretion in providing for multiple sanctions for the same offense. It is well settled that the legislature may require a fine and imprisonment as the sentence for a single crime. *United States v. DiFrancesco*, 449 U.S. 117, 139, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). Nor does the Double Jeopardy Clause preclude the legislature from establishing multiple punishments when the same conduct or transaction results in the commission of multiple offenses. *Garrett* at 793. This is so because the Double Jeopardy Clause does not protect against *excessive* punishments prescribed by the legislature and imposed by a court in the same proceeding. Rather, protections against arbitrary, disparate, and disproportionate punishment emanate from the Due Process Clause, the Equal Protection Clause, and the Eighth Amendment's prohibitions against cruel and unusual punishment and excessive fines. *See Hudson*, 522 U.S. at 103, 118 S.Ct. 488, 139 L.Ed.2d 450; *Chapman v. United States*, 500 U.S. 453, 465, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991); *Ingraham v. Wright*, 430 U.S. 651, 672-673, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977).

**{¶ 33}** Accordingly, the question posed in this case is solely one of legislative intent, and in Ohio, "[a]bsent a more specific legislative statement, R.C. 2941.25 is the primary indication of the General Assembly's intent to prohibit or allow multiple punishments for two or more offenses resulting from the same

conduct." *State v. Washington,* 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 11. And R.C. 2941.25 provides " 'a clear indication of the General Assembly's intent *to permit cumulative sentencing* for the commission of certain offenses.' " (Emphasis added.) *State v. Cooper*, 104 Ohio St.3d 293, 2004-Ohio-6553, 819 N.E.2d 657, ¶ 12, quoting *State v. Bickerstaff*, 10 Ohio St.3d 62, 66, 461 N.E.2d 892 (1984), fn. 1.

**{¶ 34}** The majority's inference that the allied offenses statute codifies double jeopardy protections is therefore faulty, because the Double Jeopardy Clause affords no protection against the imposition of multiple punishments prescribed by the legislature for the same offense in the same proceeding, and the merger of allied offenses is required only as provided by R.C. 2941.25.

**{¶ 35}** Tellingly, the majority does not hold that the Fifth Amendment requires the merger of allied offenses—the majority rejects the use of the test established by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)—but rather the majority claims that

> R.C. 2941.25 codifies the protections established by the Ohio Constitution. And because the protections contained in R.C. 2941.25 encapsulate constitutional double-jeopardy protections, the language and principles of that statute can be applied to juveniles as well.
>
> It follows that under the Ohio Constitution, a juvenile's double-jeopardy protections are violated when that juvenile is subjected to multiple terms of commitment for conduct constituting allied offenses of similar import.

Majority opinion at ¶ 11-12.

14

**{¶ 36}** The question whether the Ohio Constitution forbids the imposition of multiple punishments for the same offense in the same proceeding has not been specifically briefed or argued in this case. Although A.G. asserted in the appellate court that the United States and Ohio Constitutions require the merger of his delinquency adjudications, no argument was presented that the Ohio Constitution affords greater protections than the United States Constitution provides. The memorandum in support of jurisdiction that A.G. filed did not even mention the Ohio Constitution. *See State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 11 (declining to address an issue that was not presented in the memorandum in support of jurisdiction); *DIRECTV, Inc. v. Levin*, 128 Ohio St.3d 68, 2010-Ohio-6279, 941 N.E.2d 1187, ¶ 40 (same). And the relevant argument in A.G.'s opening brief to this court is limited to the statement that "[t]he Ohio Constitution also provides Double Jeopardy protections."

**{¶ 37}** Because A.G. has not argued that Article I, Section 10 of the Ohio Constitution provides greater protection against multiple punishments than the Fifth Amendment, we should not raise this question on our own initiative.

**{¶ 38}** But in any case, as Justice Lanzinger recently wrote for the court in *State v. Broom*, ___ Ohio St.3d ___, 2016-Ohio-1028, ___ N.E.3d ___, ¶ 21, "Ohio's constitutional prohibition on double jeopardy, Article I, Section 10, is coextensive with the federal clause." We have consistently adhered to this view that the Ohio Constitution affords no greater double jeopardy protections than the Fifth Amendment. *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, ¶ 14; *State v. Martello,* 97 Ohio St.3d 398, 2002-Ohio-6661, 780 N.E.2d 250, ¶ 7; *State v. Gustafson*, 76 Ohio St.3d 425, 432, 668 N.E.2d 435 (1996).

**{¶ 39}** And our cases reviewing whether Article I, Section 10 of the Ohio Constitution bars multiple punishments for the same offense in the same proceeding have accorded with decisions from federal courts applying the United States Constitution; we have held that "appellate review is limited to ensuring that the trial

court did not exceed the sentencing authority which the General Assembly has permitted the judiciary." *State v. Moss*, 69 Ohio St.2d 515, 518, 433 N.E.2d 181 (1982); *accord State v. Williams*, 124 Ohio St.3d 381, 2010-Ohio-147, 922 N.E.2d 937, ¶ 12; *State v. Rance*, 85 Ohio St.3d 632, 634-635, 710 N.E.2d 699 (1999), *overruled on other grounds, State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, syllabus; *State v. Delfino*, 22 Ohio St.3d 270, 272, 490 N.E.2d 884 (1986).

{¶ 40} The legislature's intent is manifest. R.C. 2941.25 does not apply to juvenile delinquency adjudications. Moreover, R.C. 2152.17(F) vests the juvenile court with discretion to impose separate consecutive commitments to DYS in these circumstances, as long as the total commitment does not exceed the child's attainment of 21 years of age.

{¶ 41} The majority loses sight of the fact that the General Assembly has granted the juvenile court judges of this state discretion and flexibility because rehabilitation of the delinquent child—not punishing the child for committing crimes—is the ultimate goal of the juvenile court. *State v. D.H.*, 120 Ohio St.3d 540, 2009-Ohio-9, 901 N.E.2d 209, ¶ 54. By superimposing yet another requirement of criminal procedure on juvenile courts, the majority blurs the focus on rehabilitation and threatens the flexibility and discretion that distinguish juvenile dispositions from criminal sentencing, all to the detriment of juvenile offenders who could benefit from services provided during commitment.

{¶ 42} And the majority's effort to apply the adult allied offenses statute to juvenile proceedings is a broad attempt to judicially impose what the legislature has chosen not to do and violates the separation of powers doctrine by legislating from the bench. This is a matter of policy for the General Assembly—not this court—to decide.

16

**Conclusion**

{¶ 43} The consecutive commitments to DYS imposed in this case do not violate either the Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution or the allied offenses statute. According to its plain language, R.C. 2941.25 applies only to adult criminal convictions, not to juvenile delinquency adjudications that might constitute convictions for allied offenses if the acts had been committed by an adult.

{¶ 44} Accordingly, I would affirm the judgment of the court of appeals.

KENNEDY and FRENCH, JJ., concur in the foregoing opinion.

————————

Timothy McGinty, Cuyahoga County Prosecuting Attorney, and Gregory Ochocki and T. Allan Regas, Assistant Prosecuting Attorneys, for appellee.

Timothy Young, Ohio Public Defender, and Charlyn Bohland, Assistant Public Defender, for appellant.

————————