[Cite as *In re A.G.*, 2016-Ohio-5616.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101010**

# IN RE: A.G.
# A Minor Child

## JUDGMENT:
### REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 12117864

**BEFORE:** Stewart, J., E.A. Gallagher, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** September 1, 2016

**ATTORNEYS FOR APPELLANT**

Timothy Young
State Public Defender

Charlyn Bohland
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, OH    43215


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Eben McNair
Anne Kiran Mikhaiel
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} On June 9, 2016, the Supreme Court of Ohio reversed our decision in *In re A.G.*, 2014-Ohio-4927, 21 N.E.3d 355 (8th Dist.), and remanded the case to this court to once again consider A.G.'s assignments of error. *In re A.G.*, Slip Opinion No. 2016-Ohio-3306. In light of the Supreme Court's holding, we reverse the decision of the juvenile court.

{¶2} The Supreme Court set out the relevant facts and procedural history of this case as follows:

> In June 2012, a person approached a man as the man was opening his car door after obtaining money from an ATM inside a store. The person pulled a gun out of his pocket and told the man that he would shoot him unless the man got into the car. The man did not comply but ran to his home nearby and lost track of the assailant. Police later took fingerprint samples from the car and found a fingerprint identifying A.G., who was 15 years old at the time of the event, as the assailant.

> A complaint was filed in juvenile court alleging that A.G. was delinquent for engaging in conduct that if committed by an adult would have constituted aggravated robbery in violation of R.C. 2911.01(A)(1) and kidnapping in violation of R.C. 2905.01(A)(2), with firearms specifications as to each. A.G. entered an admission to the allegations in the complaint. After finding the allegations proved beyond a reasonable doubt, the juvenile court ordered that A.G. be committed to the Department of Youth Services for minimum terms of one year each for the aggravated robbery and kidnapping adjudications. The court merged the firearm specifications into a single specification and imposed a one-year-commitment term for that specification. The court ordered all the terms to be served consecutively, for a total minimum commitment of three years, with the maximum commitment lasting until A.G. turned 21 years old.

> A.G. appealed and raised two assignments of error. First, he argued that the juvenile court erred in failing to merge his adjudications for aggravated robbery and kidnapping as "allied offenses of similar import" and that the

failure to merge the adjudications violated the double-jeopardy protections contained in the United States and Ohio Constitutions. 2014-Ohio-4927, 21 N.E.3d 355, ¶ 6 (8th Dist.). Second, he argued that his trial counsel was ineffective for failing to raise the allied-offenses issue.

The Eighth District Court of Appeals concluded that the aggravated robbery and kidnapping admitted to by A.G. would constitute allied offenses of similar import under R.C. 2941.25 if committed by an adult. Nevertheless, it reasoned that criminal statutes, including R.C. 2941.25, do not apply in juvenile delinquency proceedings. The court of appeals accordingly concluded that this court's decisions illustrating how R.C. 2941.25 should be applied are inapplicable to juvenile delinquency proceedings. The court instead turned to the test from *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which requires comparing the elements of the offenses at issue "without regard to the evidence to be introduced at trial." 2014-Ohio-4927, 21 N.E.3d 355, at ¶ 25. Relying on this decision, the Eighth District held that the juvenile court did not err in refusing to merge the adjudications for aggravated robbery and kidnapping, and it accordingly overruled A.G.'s first assignment of error and concluded that his second assignment of error regarding ineffective assistance of counsel was moot.

A.G. appealed to this court, and we accepted jurisdiction over his proposition of law: "The merger analysis set forth in *State v. Johnson* applies to juvenile delinquency proceedings to protect a child's right against double jeopardy." 142 Ohio St.3d 1464, 2015-Ohio-1896, 30 N.E.3d 973.

*In re A.G.*, Slip Opinion No. 2016-Ohio-3306, ¶ 2-6.

{¶3} On appeal, the Supreme Court determined that the allied offense statute, R.C. 2941.25, codifies the constitutional double jeopardy protections for both adults and juveniles, and thus the R.C. 2941.25 merger analysis set forth in *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, applies equally to juvenile delinquency proceedings. *Id*. at syllabus. With the Supreme Court's clarification on this point of law, we now reconsider A.G.'s arguments.

{¶4} In his first assigned error, A.G. argued that the trial court erred by failing to

merge his adjudications for aggravated robbery and kidnapping, as allied offenses of similar import under R.C. 2941.25. A.G.'s defense counsel failed to object to the nonmerger and, therefore, forfeited all but plain error review. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21. Pursuant to Crim.R. 52(B), appellate courts have discretion to correct plain errors. Plain errors are defined as obvious defects in the trial court proceedings that affected the outcome of trial. *Id.* at ¶ 22.

**{¶5}** R.C. 2941.25 provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶6}** Courts must look to the offender's conduct when considering whether multiple offenses are allied and of similar import. *Ruff* at ¶ 25. This involves an examination of "how the offenses were committed." *Id.* The offenses will not merge if any of the following are true:

(1) the offenses are dissimilar in import, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation.

*Id.* at ¶ 20. As to the first factor, offenses committed with the same conduct are dissimilar in import when they result in separate and identifiable harms. *Id.* at ¶ 26.

{¶7} In this particular case, there was no recitation of the facts at the dispositional hearing from which we can conduct an allied offenses analysis. Nevertheless, two other areas of the record — the juvenile complaint to which A.G. admitted and the transcript of the discretionary bindover probable cause hearing — establish that the aggravated robbery and kidnapping offenses were subject to merger.

{¶8} The first count of the juvenile complaint charged A.G. with the offense of aggravated robbery, if committed by an adult. The second count of the complaint charged A.G. with the offense of kidnapping under R.C. 2905.01,[1] if committed by an adult. The second count stated:

> [A.G.] on or about June 29, 2012, did, by force, threat, or deception, purposely remove [the victim] from the place where he was found or restrain the liberty of him for the purpose of facilitating the commission of a felony to wit: Aggravated Robbery in violation of ORC 2911.01(A)(1) or flight thereafter in violation of Ohio Revised Code Section 2905.01(A)(2).

{¶9} Accordingly, by its terms, the plain language of the complaint establishes a nexus between the aggravated robbery offense and the kidnapping offense by charging the aggravated robbery as an element of the kidnapping. This alone should have indicated to the judge that the offenses were subject to a merger analysis.

{¶10} Moreover, the probable cause hearing on the discretionary bindover established the necessary facts for determining whether the offenses were allied offenses

---

[1]R.C. 2905.01(A)(2) states that "[n]o person by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes: to facilitate the commission of any felony or flight thereafter."

of similar import. At this hearing, the victim took the witness stand and testified that on the evening of the offense, he was at a gas station and had just finished making a withdrawal from an ATM when he was approached by a person who would later be identified as A.G. The victim testified that as soon as A.G. approached him, A.G. pulled out a gun and threatened to shoot the victim if the victim did not get into his car. At that point, the victim successfully ran away and called the police.

{¶11} These facts establish that A.G.'s conduct — i.e., pulling out a gun and ordering that the victim get into the car, presumably so A.G. could rob him — constituted both the kidnapping and aggravated robbery. The facts also show that the offenses were committed simultaneously with a single animus, which was to restrain the victim long enough to effectuate the robbery, and resulted in the same harm to the victim

{¶12} We thus conclude that the offenses were allied offenses of similar import and that the juvenile court's failure to merge them as such was an obvious defect that prejudiced the defendant. The defect was obvious because the record clearly supported the merger of offenses, and the court's failure to conduct an allied offenses analysis prejudiced the defendant because it resulted in a longer sentence.

{¶13} Having found plain error on the first assigned error, we find that the second assignment of error alleging ineffective assistance of counsel, is moot.

{¶14} Accordingly, the judgment is reversed and remanded to the juvenile court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR