[Cite as *State v. Pulley*, 2015-Ohio-3635.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

STATE OF OHIO,                              :

    Plaintiff-Appellee,                    :

                                           :

- vs -

                                           :

ERIKA PULLEY,                              :

    Defendant-Appellant.                   :

CASE NO. CA2015-04-035

O P I N I O N
9/8/2015

CRIMINAL APPEAL FROM MASON MUNICIPAL COURT
Case No. 11CRB01099

Bethany S. Bennett, Mason Prosecuting Attorney, 5950 Mason-Montgomery Road, Mason, Ohio 45040, for plaintiff-appellee

Alexander, Webb, Kinman, Maxwell D. Kinman, 423 Reading Road, Mason, Ohio 45040, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Erika Pulley, appeals her conviction in the Mason Municipal Court for child endangering.[1]

{¶ 2} Appellant was charged in 2011 on one count of child endangering after appellant, her seven-month-old son, and a man were found at the Mason Inn in Deerfield

---

1. Pursuant to Loc.R. 6(A), we have sua sponte removed this appeal from the accelerated calendar.

Township, Ohio on October 14, 2011, in a small motel room filled with marijuana smoke. The evidence also showed that the man sold crack cocaine from the motel room during the time appellant and her infant son were in the room. On March 26, 2015, following a one-day bench trial, the trial court found appellant guilty as charged and sentenced her to 90 days in jail.

{¶ 3} Appellant appeals, raising one assignment of error:

{¶ 4} THE TRIAL COURT ERRED BY ALLOWING THE STATE OF OHIO TO PRESENT EVIDENCE ESTABLISHING IDENTIFICATION AND VENUE DURING RE-DIRECT EXAMINATION OVER THE OBJECTION OF THE APPELLANT.

{¶ 5} At trial, a detective of the Warren County Sheriff's Office testified on behalf of the state. He was the state's sole witness. On direct examination, the detective did not and was not asked to identify appellant or testify that the Mason Inn was in Warren County, Ohio. The detective's cross-examination focused solely on whether appellant's son had been tested for any illegal substances. Then, on redirect examination and over appellant's objections, the trial court allowed the detective to identify appellant and testify that the Mason Inn was in Warren County. On appeal, appellant argues the trial court erred in allowing the state to elicit identification of appellant and offer evidence of venue on redirect examination because such was beyond the scope of cross-examination.

{¶ 6} As a general rule, the scope of redirect examination is limited to matters inquired into by the adverse party on cross-examination. *State v. Thompson*, 12th Dist. Butler No. CA94-07-147, 1995 WL 295253, *3 (May 15, 1995). However, it is within the discretion of the trial court to allow a witness to testify on redirect examination to facts which could have been elicited during his testimony in chief. *Id.* "The control of redirect examination is committed to the discretion of the trial judge and a reversal upon that ground can be predicated upon nothing less than a clear abuse thereof." *State v. Wilson*, 30 Ohio

St.2d 199, 204 (1972). In addition, the trial court has "reasonable control over the mode and order of interrogating witnesses and presenting evidence" under Evid.R. 611(A), and has discretion under R.C. 2945.10 to permit evidence to be offered out of order. *See State v. Jones*, 6th Dist. Erie No. E-76-9, 1976 WL 188407 (Sept. 17, 1976).

{¶ 7} Given the discretion granted to a trial court when determining what may be elicited during redirect examination, we find that the trial court did not abuse its discretion in allowing the state to elicit identification of appellant on redirect examination. *See State v. Brar*, 9th Dist. Summit No. 19291, 1999 WL 364740, *2 (June 2, 1999). Further, "the identity of [appellant] was not an issue and any error in the admission of the [detective's] identification was harmless." *Jones* at *1.

{¶ 8} Likewise, we find that the trial court did not abuse its discretion in allowing the state to offer evidence of venue on redirect examination. *In re Bailey*, 4th Dist. Lawrence No. 1472, 1981 WL 5969, *2 (July 14, 1981) (finding no prejudicial error by the trial court in allowing venue testimony on redirect examination, even though venue was not discussed on direct or cross-examination, because defendant was not unfairly surprised by the fact the high school was located in the particular county). "The purpose of the general rule disallowing new testimony on redirect is to prevent unfair surprise resulting from the reservation of important testimony until redirect." *Id.* At trial, the detective testified on direct examination that he was employed by the Warren County Sheriff's Office, was assigned to the Warren County Drug Task Force, and was conducting surveillance of the Mason Inn in that capacity on October 14, 2011. The detective's direct examination further indicated that the Mason Inn was located in Deerfield Township. Appellant was therefore not unfairly surprised by the fact the Mason Inn was in Warren County.

{¶ 9} Appellant's assignment of error is overruled.

**{¶ 10}** Judgment affirmed.

PIPER, P.J., and RINGLAND, JJ., concur.