Lanzinger, J.
{¶ 1} In this case we are asked to determine the extent of double-jeopardy protections in juvenile-delinquency proceedings. We reaffirm that juveniles are entitled to the same constitutional double-jeopardy protections as adults, and we hold that juvenile courts must conduct the same double-jeopardy analysis in delinquency proceedings that other courts apply in adult criminal proceedings.
I. Case Background
{¶ 2} In June 2012, a person approached a man as the man was opening his car door after obtaining money from an ATM inside a store. The person pulled a gun out of his pocket and told the man that he would shoot him unless the man got into the car. The man did not comply but ran to his home nearby and lost track of the assailant. Police later took fingerprint samples from the car and found a fingerprint identifying A.G., who was 15 years old at the time of the event, as the assailant.
{¶ 3} A complaint was filed in juvenile court alleging that A.G. was delinquent for engaging in conduct that if committed by an adult would have constituted aggravated-robbery in violation of R.C. 2911.01(A)(1) and kidnapping in violation of R.C. 2905.01(A)(2), with firearms specifications as to each. A.G. entered an admission to the allegations in the complaint. After finding the allegations proved beyond a reasonable doubt, the juvenile court ordered that A.G. be *119 committed to the Department of Youth Services for minimum terms of one year each for the aggravated-robbery and kidnapping adjudications. The court merged the firearm specifications into a single specification and imposed a one-year-commitment term for that specification. The court ordered all the terms to be served consecutively, for a total minimum commitment of three years, with the maximum commitment lasting until A.G. turned 21 years old.
{¶ 4} A.G. appealed and raised two assignments of error. First, he argued that the juvenile court erred in failing to merge his adjudications for aggravated robbery and kidnapping as “allied offenses of similar import” and that the failure to merge the adjudications violated the double-jeopardy protections contained in the United States and Ohio Constitutions. 2014-Ohio-4927, 21 N.E.3d 355, ¶ 6. Second, he argued that his trial counsel was ineffective for failing to raise the allied-offenses issue.
{¶ 5} The Eighth District Court of Appeals concluded that the aggravated robbery and kidnapping admitted to by A.G. would constitute allied offenses of similar import under R.C. 2941.25 if committed by an adult. Nevertheless, it reasoned that criminal statutes, including R.C. 2941.25, do not apply in juvenile-delinquency proceedings. The court of appeals accordingly concluded that this court’s decisions illustrating how R.C. 2941.25 should be applied are inapplicable to juvenile-delinquency proceedings. The court instead turned to the test from Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which requires comparing the elements of the offenses at issue “without regard to the evidence to be introduced at trial.” 2014-Ohio-4927, 21 N.E.3d 355, at ¶ 25. Relying on this decision, the Eighth District held that the juvenile court did not err in refusing to merge the adjudications for aggravated robbery and kidnapping, and it accordingly overruled A.G.’s first assignment of error and concluded that his second assignment of error regarding ineffective assistance of counsel was moot.
{¶ 6} A.G. appealed to this court, and we accepted jurisdiction over his proposition of law: “The merger analysis set forth in State v. Johnson applies to juvenile delinquency proceedings to protect a child’s right against double jeopardy.”[1] 142 Ohio St.3d 1464, 2015-Ohio-1896, 30 N.E.3d 973.
II. Analysis
{¶ 7} A.G. argues that the merger analysis set forth in this court’s decisions explaining how R.C. 2941.25 should be applied also applies to juvenile-delinquency proceedings to protect the juvenile’s right against double jeopardy. In so *120 arguing, he asserts that R.C. 2941.25 is the codification of the constitutional merger principle rather than simply an enhanced statutory protection. The state counters that R.C. 2941.25 is a protection statute that applies only to adults because the statute addresses the merger of “convictions” and argues that the General Assembly’s decision not to afford juveniles the protections given to adults in R.C. 2941.25 illustrates the legislature’s intention to allow cumulative commitment periods for juveniles.
{¶ 8} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, which applies to Ohio citizens through the Fourteenth Amendment to the United States Constitution, Benton v. Maryland, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), provides that no person shall “be subject for the same offence to be twice put in jeopardy of life or limb.” Article I, Section 10 of the Ohio Constitution likewise provides, “No person shall be twice put in jeopardy for the same offense.” We have noted that
[t]he Double Jeopardy Clause protects against three abuses: (1) “a second prosecution for the same offense after acquittal,” (2) “a second prosecution for the same offense after conviction,” and (3) “multiple punishments for the same offense.” North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled on other grounds, Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).
State v. Ruff, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10.
{¶ 9} Noting that there “is little to distinguish” an adjudicatory hearing in a juvenile-delinquency case from a traditional criminal prosecution, the Supreme Court of the United States has held that jeopardy attaches during adjudicatory hearings. Breed v. Jones, 421 U.S. 519, 530-531, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). In reaching that conclusion, the court noted that similarities between criminal and juvenile-delinquency proceedings militate in favor of providing full double-jeopardy protections to juveniles:
We believe it is simply too late in the day to conclude * * * that a juvenile is not put in jeopardy at a proceeding whose object is to determine whether he has committed acts that violate a criminal law and whose potential consequences include both the stigma inherent in such a determination and the deprivation of liberty for many years.
Id. at 529. In addition to recognizing the stigma attached to a delinquency determination, the court noted that juveniles in delinquency proceedings bear *121 essentially the same heavy pressures and psychological and physical burdens that are borne by adults in criminal cases, so that adults and juveniles alike should be subjected to only one such experience for the same offense. Id. at 530. We accordingly acknowledge that both the federal and Ohio Constitutions protect juveniles subject to delinquency proceedings from double jeopardy in the same fashion as they do adults. See In re A.J.S., 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 26.
{¶ 10} Because juveniles receive constitutional protection from double jeopardy, the question before us is: To what extent do the Constitutions protect juveniles from the third type of double jeopardy mentioned previously, multiple punishments for the same offense? The state argues that the merging of allied offenses of similar import constitutes “enhanced statutory protection” that does not stem from either the United States or Ohio Constitutions. A.G. argues that the merging of allied offenses is rooted in the Double Jeopardy Clauses of both Constitutions and that R.C. 2941.25 accordingly represents a codification of a constitutional principle.
{¶ 11} We agree with A.G. In discussing R.C. 2941.25 in Ruff, we have recently stated, “The General Assembly in codifying double-jeopardy protections has expressed its intent as to when multiple punishments can be imposed.” (Emphasis added.) 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, at ¶ 12. Rather than providing enhanced double-jeopardy protections, R.C. 2941.25 codifies the protections established by the Ohio Constitution. And because the protections contained in R.C. 2941.25 encapsulate constitutional double-jeopardy protections, the language and principles of that statute can be applied to juveniles as well.
{¶ 12} It follows that under the Ohio Constitution, a juvenile’s double-jeopardy protections are violated when that juvenile is subjected to multiple terms of commitment for conduct constituting allied offenses of similar import. Just as a judge in adult court would do to determine if conduct constitutes allied offenses of similar import, a juvenile judge must evaluate three separate factors: the juvenile’s conduct, the juvenile’s animus, and the import of the offenses. Ruff at paragraph one of the syllabus. The Ruff test for allied offenses accordingly applies to juvenile-delinquency proceedings. A juvenile whose conduct supports multiple offenses may be subject to terms of commitment for all the offenses if any one of the following is true: “(1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.” Id. at paragraph three of the syllabus.
{¶ 13} Application of the Ruff test — rather than the Blockburger test developed by the United States Supreme Court — is necessary to both provide juveniles with proper double-jeopardy protection under the Ohio Constitution and to ensure that *122 juveniles receive the same constitutional double-jeopardy protection as adults. Indeed, if we were to approve the Eighth District’s application of the Blockburger comparison-of-the-elements test to juveniles, the practical consequence would be that merger would occur very rarely in juvenile courts, even when merger would occur in cases with identical facts involving adults. We have disavowed the application of an abstract, comparison-of-the-elements test in Ohio. See Ruff at ¶ 16. We no longer follow the test set forth in State v. Rance, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999). See State v. Johnson, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, at the syllabus (overruling Ranee). Similarly, we again disavow application of the test in the juvenile context.
{¶ 14} We note that our decision today fully comports with what we have termed “heightened goals of rehabilitation and treatment” of the juvenile-court system in Ohio. State v. D.H., 120 Ohio St.3d 540, 2009-Ohio-9, 901 N.E.2d 209, ¶ 38. By applying double-jeopardy protections to juveniles in a manner that ensures that they will receive only one term of commitment, rather than multiple terms of commitment, for conduct constituting allied offenses of similar import, juveniles who are fully rehabilitated and treated can be released at the conclusion of their minimum term, rather than be forced to serve a second, duplicative term for the same conduct for which they have been rehabilitated and treated. While juvenile judges in cases like A.G.’s will retain the discretion to extend the commitment period until the juvenile turns 21 years old, the merging of terms of commitment allows for the individualized, case-by-case treatment that is appropriate for juvenile cases.
III. Conclusion
{¶ 15} We hold that the merger analysis set forth in State v. Ruff, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, applies to juvenile-delinquency proceedings to protect a child’s right against double jeopardy. We accordingly reverse the judgment of the court of appeals and remand the cause to the Eighth District to apply our holding to the facts of this case and for consideration of A.G.’s remaining assignment of error, if necessary.
Judgment reversed and cause remanded.
O’Connor, C.J., and Pfeifer and O’Neill, JJ., concur.
O’Donnell, J., dissents, with an opinion joined by Kennedy and French, JJ.

. Although A.G. argues that the analysis set forth in State v. Johnson, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, should apply in juvenile-delinquency cases, our analysis focuses on this court’s more recent statements regarding the law of merger.