Lanzinger, J.,
concurring in judgment only.
{¶ 47} Although I agree that the judgment of the court of appeals should be affirmed, I respectfully disagree with the reasoning of the plurality opinion and therefore concur in judgment only.
{¶ 48} In rejecting the application of due-process considerations in favor of an analysis limited to double-jeopardy considerations, the plurality cites this court’s previous decisions holding that the Due Course of Law Clause of the Ohio Constitution, Article 1, Section 16, is coextensive with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Plurality opinion at ¶ 21. But we have also held that “[t]he Ohio Constitution is a document of independent force.” Arnold v. Cleveland, 67 Ohio St.3d 35, 616 N.E.2d 163 (1993), paragraph one of the syllabus. This court has the ability to recognize enhanced due-process protections contained within Article 1, Section 16 of the Ohio Constitution. “As long as state courts provide at least as much protection as the United States Supreme Court has provided in its interpretation of the federal Bill of Rights, state courts are unrestricted in according greater civil liberties and protections, to individuals and groups.” Id.
{¶ 49} In recent years, we have been receptive to the argument that the Ohio Constitution provides enhanced protections. In In re AG., 148 Ohio St.3d 118, 2016-Ohio-3306, 69 N.E.3d 646, for example, we held that juveniles receive double-jeopardy protections that go beyond those provided by the United States Constitution. Id. at ¶ 12-13. In my view, the Ohio Constitution can indeed provide due-process protection that exceeds that which is provided by the United States Constitution.
{¶ 50} I do not agree that the due-process claim raised by appellant, Christopher Anderson, is nothing more than a double-jeopardy claim in different *84 clothing. Double-jeopardy protections guard against three potential abuses: (1) “a second prosecution for the same offense after acquittal,” (2) “a second prosecution for the same offense after conviction,” and (3) “multiple punishments for the same offense.” State v. Ruff, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10, citing North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled on other grounds, Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).
{¶ 51} Anderson does not contend that his indictment should be dismissed solely because he has been subjected to multiple trials for the same alleged offense. He argues that the cumulative effect of these drawn-out abortive trials placed him in a position where he cannot effectively defend his liberty and that this prosecution has reached a point where yet another trial is fundamentally unfair.
{¶ 52} It has been 14 years since Anderson was indicted for murder in violation of R.C. 2903.02, an offense subject to a mandatory prison sentence of 15 years to life, see R.C. 2929.02(B). If Anderson’s trial were to be held tomorrow, he would presumably receive credit for time served and, as unusual as it may sound, he would be eligible for parole a relatively short time after his conviction. This is an extraordinary situation. On the one hand, Anderson is charged with a horrific crime, and the public and the victim’s loved ones certainly have an interest in seeing justice served in this case. On the other hand, Anderson remains unconvicted of that crime, and his 14 years of continued incarceration seems to violate his fundamental interest in personal liberty.
{¶ 53} Nevertheless, despite the continuing delays in this case (some of which Anderson concedes he initiated), it cannot be argued that Anderson has been incarcerated in excess of the mandatory period of time that he would receive if he were actually convicted. That, to me, would violate fundamental fairness. Thus, I would grant the motion to dismiss the indictment on due-process grounds only if he had already served the maximum prison term that could have been imposed for a conviction on the offense for which he was indicted.
{¶ 54} While I would hold that the facts of this case do not compel a conclusion that Anderson is entitled to have his motion to dismiss the indictment granted, I do not agree with the plurality that the Due Course of Law Clause of the Ohio Constitution provides no protection to defendants who are incarcerated for unfair and excessive lengths of time without having been convicted of a crime.
{¶ 55} I accordingly concur in judgment only.
Pfeifer, J., concurs in the foregoing opinion.
*85 Paul J. Gains, Mahoning County Prosecuting Attorney, and Ralph M. Rivera, Assistant Prosecuting Attorney, for appellee.
John B. Juhasz, for appellant.
Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Michael J. Hendershot, Chief Deputy Solicitor, and Sarah Leatherman, Assistant Attorney General, urging affirmance for amicus curiae, Ohio Attorney General Michael DeWine.