Lanzinger, J.,
concurring in judgment only.
{¶ 59} I concur in the court’s judgment affirming the judgment of the Fifth District Court of Appeals, but I respectfully decline to join the lead opinion’s constitutional analysis.
{¶ 60} The lead opinion notes that we have recently held that the Ohio Constitution provides a juvenile a broader right to counsel than that afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See State v. Bode, 144 Ohio St.3d 155, 2015-Ohio-1519, 41 N.E.3d 1156, ¶ 23-24. The lead opinion dismisses Bode as a case in which this court “deviated from the general rule,” lead opinion at ¶ 34, and it accordingly bases its analysis on federal constitutional law. But Bode is just one instance in which we *323 have stated that the Ohio Constitution can provide more protection than its federal counterpart. Indeed, the lead opinion later acknowledges that we recognized greater protection under the Ohio Equal Protection Clause than under the federal Equal Protection Clause in State v. Mole, 149 Ohio St.3d 215, 2016-Ohio-5124, 74 N.E.3d 368, ¶ 23 (plurality opinion).
{¶ 61} It is axiomatic that “[t]he Ohio Constitution is a document of independent force” and that under their own states’ constitutions, “state courts are unrestricted in according greater civil liberties and protections to individuals and groups.” Arnold v. Cleveland, 67 Ohio St.3d 35, 616 N.E.2d 163 (1993), paragraph one of the, syllabus. In addition to our holdings in Bode and Mole, in recent years we have also held that the Ohio Constitution “provides greater protection than the Fourth Amendment to the United States Constitution against warrantless arrests for minor misdemeanors,” State v. Brown, 99 Ohio St.3d 323, 2003-Ohio-3931, 792 N.E.2d 175, syllabus; that the Ohio Constitution provides greater protection to criminal defendants than the Fifth Amendment to the United States Constitution, State v. Farris, 109 Ohio St.3d 519, 2006-Ohio-3255, 849 N.E.2d 985, ¶ 48; that the Ohio Constitution provides protections from government appropriation of private property in certain circumstances when such takings are expressly permitted under federal law, Norwood v. Horney, 110 Ohio St.3d 353, 2006-Ohio-3799, 853 N.E.2d 1115, paragraph one of the syllabus and ¶ 5, 76-80; and that the Ohio Constitution requires the merger of allied offenses and thereby affords juveniles greater double-jeopardy protections than those granted in the federal constitution, In re AG., 148 Ohio St.3d 118, 2016-Ohio-3306, 69 N.E.3d 646, ¶ 11-13. In line with these decisions, I would affirm that as a document of independent force, the Ohio Constitution contains additional protections not found in its federal counterpart.
{¶ 62} Although we held in Bode and Mole that the Ohio Constitution affords greater rights in certain circumstances in criminal cases, we have not previously held that the Ohio Constitution provides minors asserting tort claims greater protection than that afforded by the United States Constitution, and appellants do not present a compelling argument for us to do so now. I would, accordingly, hold that Arbino v. Johnson & Johnson, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, controls in this case. For these reasons, I concur only in the court’s judgment affirming the judgment of the court of appeals.