[Cite as *In re L.M.*, 2017-Ohio-8067.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 105393

## IN RE: L.M.
## A MINOR CHILD

### JUDGMENT:
AFFIRMED IN PART AND
REVERSED IN PART

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 15102048

**BEFORE:** E.A. Gallagher, P.J., Kilbane, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** October 5, 2017

**ATTORNEY FOR APPELLANT**

Gregory T. Stalka
P.O. Box 31776
6509 Brecksville Road
Independence, Ohio 44131


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Diva Kass
       Carson Strang
Assistant Prosecuting Attorneys
1200 Ontario Street
Justice Center, 9th Floor
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

{¶1} Defendant-appellant L.M. appeals from an order of the Cuyahoga County Court of Common Pleas Juvenile Division ("juvenile court") adjudicating him delinquent by reason of rape, kidnapping and aggravated menacing. L.M. also appeals from a separate case wherein he was adjudicated delinquent by reason of arson. For the following reasons, we affirm, in part, and reverse, in part.

**Factual and Procedural Background**

**I. Aggravated Arson**

{¶2} In DL 15101249 a complaint was filed on March 26, 2015 alleging L.M. to be delinquent on one count of aggravated arson. On June 29, 2015, the trial court held a hearing wherein the state represented that L.M. wished to change his previous denial of the complaint to an admission. The trial court addressed L.M. and L.M. struggled to hear the court. L.M.'s attorney explained that L.M. was "a little hard of hearing." L.M.'s sister was present at the hearing, as well, and explained the need for an interpreter because L.M. was deaf in one ear. As the change of plea progressed, L.M.'s sister again raised a concern regarding his understanding of the trial court in the following exchange:

THE COURT: Does he have a question here or something?

L.M.'s SISTER: He has. Once again, I'm his older sister and I don't feel like it's fair. I don't think he understand what you're saying. He's saying yes to some of the stuff you were saying when he's supposed to be saying no, that he don't understand, so I don't want you all to go on with it and he doesn't understand. * * * "

{¶3} L.M. indicated which ear was his good ear and the court asked L.M. to

approach the bench. The court stated that L.M. had an interpreter, apparently referring to L.M.'s sister converting the court's words into sign language for L.M.'s benefit. The court then proceeded with the change of plea when L.M. indicated he could hear the court from the closer distance. L.M. admitted to the charge of aggravated arson and the trial court found him delinquent on that count.

## II. Rape, Kidnapping and Aggravated Menacing

{¶4} In DL 15102048 a complaint was filed on March 26, 2015 alleging L.M. to be delinquent on ten counts of rape, five counts of kidnapping and one count of aggravated menacing. This case proceeded to trial wherein I.H. testified that L.M. raped him by forcing him to engage in fellatio and anal sex in five separate incidents during the summers of 2009, 2010, 2011 and 2012. The trial court adjudicated L.M. delinquent on all counts, referred him to the probation department for a predisposition report and referred him to the Mokita Center for a sexual offender assessment. The trial court ordered the Mokita Center to perform a "lie detector test" if L.M. denied the charges during his interview.

{¶5} On December 10, 2015 the Mokita Center reported that L.M. had refused to submit to a polygraph test upon advice of his attorney. The trial court again referred L.M. for a sexual offender assessment and, over L.M.'s objection, reiterated the order that a polygraph test be performed if L.M. denied the charges.

## III. Disposition

{¶6} The trial court held a disposition hearing on February 3, 2016. On three of

L.M.'s rape counts the court imposed an indefinite commitment to DYS ranging from a minimum of 12 months to a maximum commitment until age 21. The court ordered those three sentences to be run consecutively but stayed all three and ordered residential sex offender treatment at Abraxas. L.M. appealed but this court dismissed the appeal sua sponte due to a lack of a final appealable order. We remanded to the trial court with instructions to enter dispositions on the aggravated arson charge and the remaining counts of rape, kidnapping and aggravated menacing.

{¶7} On December 8, 2016, the trial court held a disposition hearing on remand and reimposed the above described original sentences on three of the rape counts and imposed probation on the remaining counts of rape, kidnapping and aggravated menacing. The court further imposed residential treatment at Abraxas on L.M.'s aggravated arson charge.

**Law and Analysis**

**I. The Polygraph Test**

{¶8} In his first assignment of error, L.M. argues that the trial court violated his Fifth Amendment right against self-incrimination when it ordered him to submit to a polygraph examination, prior to disposition, if he continued to deny the rape, kidnapping and aggravated menacing charges on which he had been adjudicated delinquent.

{¶9} The state concedes this error on the part of the trial court. *See In Re*: *D.S.*, 111 Ohio St.3d 361, 2006-Ohio-5851, 856 N.E.2d 921 (holding that there must be a particularized case-by-case showing that a polygraph is needed for therapeutic reasons

before it can be imposed as a condition of a juvenile's probation and that a polygraph order cannot be used to compel incriminating statements in violation of the Fifth Amendment).

{¶10} The sole dispute in regard to this assignment of error is the appropriate remedy. We are not persuaded by L.M.'s argument that the pre-disposition polygraph order invalidated his delinquency adjudications. The order was set forth after the trial court had already found L.M. delinquent on all counts and there is no evidence in the record that it in any way affected his adjudications. Similarly, we reject the state's argument that we should treat the trial court's improper order and stated consideration of the results at the time of disposition as harmless error.

{¶11} We hold that the appropriate remedy is a remand for a de novo resentencing on L.M.'s rape, kidnapping and aggravated menacing counts with the instruction that the trial court not consider the results of the polygraph examination. *See, e.g. State v. Caperton*, 1st Dist. Hamilton No. C-000666, 2001-Ohio-LEXIS-5242 (remanding for a resentencing and de novo sexual predator adjudication hearing where polygraph results were improperly considered at the original hearing).

{¶12} L.M.'s first assignment of error is sustained.

## II. Ineffective Assistance of Counsel

{¶13} In his second assignment of error, L.M. argues that he was denied effective assistance of counsel when his trial counsel failed to object to the state eliciting an in-court identification of him by I.H. during redirect testimony.

{¶14} Reversal of a conviction for ineffective assistance of counsel requires a showing that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *State v. Smith*, 89 Ohio St.3d 323, 327, 2000-Ohio-166, 731 N.E.2d 645, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defense counsel's performance must fall below an objective standard of reasonableness to be deficient in terms of ineffective assistance of counsel. *See State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). Moreover, the defendant must show that there exists a reasonable probability that, were it not for counsel's errors, the results of the proceeding would have been different. *State v. White*, 82 Ohio St.3d 16, 23, 693 N.E.2d 772 (1998).

{¶15} We find no prejudice to L.M. in this instance. It is within the discretion of the trial court to allow a witness to testify on redirect examination to facts that could have been elicited during his testimony in chief. *State v. Thompson*, 12th Dist. Butler No. CA94-07-147, 1995 Ohio App. LEXIS 2006 (May 15, 1995). "The control of redirect examination is committed to the discretion of the trial judge and a reversal upon that ground can be predicated upon nothing less than a clear abuse thereof." *State v. Wilson*, 30 Ohio St.2d 199, 204, 283 N.E.2d 632 (1972). Ohio courts have refused to find an abuse of discretion where trial courts have allowed the state to elicit identification testimony on redirect examination. *See State v. Pulley*, 12th Dist. Warren No. CA2015-04-035, 2015-Ohio-3635, ¶ 4-7; *State v. Brar*, 9th Dist. Summit No. 19291, 1999 Ohio App. LEXIS 2555 (June 2, 1999).

**{¶16}** L.M.'s second assignment of error is overruled.

### III. Allied Offenses

**{¶17}** In his third assignment of error, L.M. argues the trial court erred in failing to merge his kidnapping offenses with the associated counts of rape. We find this assignment of error to be moot in light of our resolution of L.M.'s first assignment of error. However, we note that as part of our remand for de novo resentencing on all counts it is appropriate for the trial court to consider merger of the various counts consistent with *In Re A.G.*, 148 Ohio St.3d 118, 2016-Ohio-3306, 69 N.E.3d 646 (holding that the merger analysis set forth in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, applies to juvenile delinquency proceedings to protect a child's right against double jeopardy).

### IV. Failure to Provide an Interpreter

**{¶18}** In his fourth assignment of error, L.M. argues that the trial court erred in failing to provide an interpreter during the change of plea hearing in his aggravated arson case.

**{¶19}** R.C. 2311.14(A)(1) provides:

> Whenever because of a hearing, speech, or other impairment a party to or witness in a legal proceeding cannot readily understand or communicate, the court shall appoint a qualified interpreter to assist such person.

**{¶20}** The trial court is given broad discretion in determining whether a criminal defendant requires the assistance of an interpreter. *State v. Preciado*, 8th Dist. Cuyahoga No. 101257, 2015-Ohio-19, ¶ 9, citing *State v. Saah*, 67 Ohio App.3d 86, 95, 585 N.E.2d

999 (8th Dist.1990). However, we find that the trial court abused its discretion in this instance. The ad hoc introduction of L.M.'s sister as a sign language interpreter stands out as a red flag here. The sister further warned the court that she did not believe L.M. understood the Crim.R. 11 questions to which he was responding. Finally, although L.M. was denied an interpreter at his change of plea, the court provided an interpreter at subsequent hearings. On these facts we find that the trial court abused its discretion in failing to comply with R.C. 2311.14(A)(1), the Americans with Disabilities Act and Evid. R. 604.

{¶21} L.M.'s fourth assignment of error is sustained.

{¶22} The judgment of the trial court is affirmed, in part, and reversed, in part.

{¶23} L.M.'s delinquency adjudication for aggravated arson is hereby vacated. The dispositions imposed on L.M.'s rape, kidnapping and aggravated menacing counts are hereby vacated.

{¶24} Case remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
FRANK D. CELEBREZZE, JR.,   J., CONCUR


**KEYWORDS:**

Rape, kidnapping, aggravated menacing, arson, juvenile delinquency, court interpreter, lie detector.   Trial court erred in failing to provide appellant with an interpreter as required by R.C. 2311.14(A)(1) at his arson plea hearing. Trial court erred in ordering appellant to complete a lie detector examination prior to his adjudication for his rape, kidnapping and aggravated menacing counts.