[Cite as *In re K.P.*, 2018-Ohio-4972.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: K.P. | : | APPEAL NOS. C-180037 |
| | | C-180038 |
| | : | C-180039 |
| | | TRIAL NOS. 17-0068Z |
| | : | 17-1681Z |
| | | 17-4453Z |
| | : | |
| | : | *O P I N I O N.* |

Appeals From:  Hamilton County Juvenile Court

Judgments Appealed From Are:  Affirmed in C-180038 and C-180039; Appeal Dismissed in C-180037

Date of Judgment Entry on Appeal:  December 12, 2018


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Appellee State of Ohio,

The Office of the Ohio Public Defender and *Lauren Hammersmith*, Assistant Public Defender, for Appellant K.P.

**MYERS, Judge.**

{¶1} Fifteen-year-old K.P. phoned a food-delivery order to a restaurant, and when the restaurant's driver arrived to deliver the food, K.P. directed him to a place where K.P.'s friends were waiting to ambush the driver. K.P. and his friends attacked the driver, savagely beat him, and stole his money, cell phones, GPS device, and the delivered food. K.P. was arrested within several hours.

{¶2} In the ensuing proceedings before the juvenile court, K.P. admitted to conduct that, if committed by an adult, would have constituted aggravated robbery and felonious assault. In addition, with regard to a separate delinquency complaint, K.P. admitted to conduct that, if committed by an adult, would have constituted burglary. In exchange for K.P.'s admissions, the state withdrew its motions for relinquishment of jurisdiction to the general division of the common pleas court and dismissed an evidence-tampering charge related to the robbery and assault offenses.

{¶3} The trial court rejected K.P.'s argument that the aggravated-robbery and felonious-assault offenses merged for dispositional purposes. The court ordered that K.P. be committed to the Department of Youth Services for a minimum term of 36 months for the aggravated-robbery adjudication and for minimum terms of one year each for the felonious-assault and burglary adjudications. The court ordered all the terms to be served consecutively, for a total minimum commitment of five years, with the maximum commitment lasting until K.P. turns 21 years old. In addition, the court imposed an aggregate seven-year prison term as a serious-youthful-offender dispositional sentence, which was stayed pending the successful completion of the juvenile dispositions imposed. K.P. now appeals.

{¶4} In a single assignment of error, K.P. argues that the trial court erred by failing to merge the offenses of aggravated robbery and felonious assault. Because K.P. raised this argument before the trial court, and because the court made a merger determination, we apply a de novo standard of review. *See State v. Shelton*, 1st Dist. Hamilton No. C-170547, 2018-Ohio-3895, ¶ 44; *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 1.

{¶5} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the Supreme Court of Ohio held that, pursuant to R.C. 2941.25, separate sentences may be imposed on a defendant whose conduct supports multiple offenses if the offenses were dissimilar in import, were committed separately, or were committed with a separate animus. *Ruff* at paragraph three of the syllabus. The *Ruff* merger analysis applies to juvenile-delinquency proceedings. *In re A.G.*, 148 Ohio St.3d 118, 2016-Ohio-3306, 69 N.E.3d 646, syllabus.

{¶6} K.P. was adjudicated delinquent for committing acts that, if committed by an adult, would have constituted aggravated robbery pursuant to R.C. 2911.01(A)(3), which states that "[n]o person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, or attempt to inflict, serious physical harm on another." K.P. was also adjudicated delinquent for committing acts that, if committed by an adult, would have constituted felonious assault in violation of R.C. 2903.11(A)(1), which provides, "No person shall knowingly * * * [c]ause serious physical harm to another * * *."

{¶7} Following our review of the record, we find that these two offenses were committed with a separate animus. As we explained in *State v. Bailey*, 1st Dist.

3

Hamilton No. C-140129, 2015-Ohio-2997, ¶ 86, "[w]e determine the animus, one's immediate motive or purpose, by dissecting the facts and circumstances in evidence, including the means used to commit the offense."

{¶8} During the attack in this case, in what he later described as an "adrenaline rage," K.P. repeatedly struck the victim in the head with a large branch until the branch broke. K.P. and the others kicked, stomped, punched, and beat the victim with a metal pole even after he was rendered unconscious. While the victim was on the ground, the four rifled through his pockets and his car, stealing money, two cell phones, and a GPS device. Then they ran off with the food and stolen property. As a result of the attack, the victim suffered severe fractures and lacerations to his face.

{¶9} This court has held that where, as here, the force used during a felonious assault was greater than was necessary to effectuate an aggravated robbery, it demonstrates that the defendant acted with a specific intent to harm, separate from any animus to rob the victim. *See Shelton*, 1st Dist. Hamilton No. C-170547, 2018-Ohio-3895, at ¶ 50; *see also Bailey* at ¶ 87. In this case, the conduct of K.P. indicates a separate animus for the assault and robbery because the force was excessive beyond that necessary to effectuate the robbery. As further evidence of a separate animus, K.P. continued to beat the victim after he was unconscious and only then took the property. We hold that the felonious-assault and aggravated-robbery offenses were committed with a separate animus and, thus, they were separately punishable under R.C. 2941.25. Consequently, the trial court did not err by refusing to merge the offenses.

{¶10}  We overrule the sole assignment of error and affirm the judgments of the trial court in the appeals numbered C-180038 and C-180039.  Because K.P. raises no assignment of error challenging the burglary adjudication, we dismiss the appeal in the case numbered C-180037.  *See* App.R. 16(A); *see also State v. Harris*, 2017-Ohio-5594, 92 N.E.3d 1283, ¶ 42-43 (1st Dist.).

Judgment accordingly.

**MOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.