[Cite as *State v. Parcher*, 2020-Ohio-293.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                         Court of Appeals No. L-19-1006

  Appellee                                 Trial Court No. CR0201801821

v.

Cardell L. Parcher                             **DECISION AND JUDGMENT**

  Appellant                              Decided:  January 31, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Eric Allen Marks, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Cardell Parcher, appeals from the December 14, 2018 judgment

of the Lucas County Court of Common Pleas convicting of and sentencing him for

robbery, a violation of R.C. 2911.02(A)(2) and (B), and theft of drugs, a violation of R.C.

2913.02(A)(4) and (B)(6), following acceptance of his no contest plea. Appellant appeals and asserts the following assignments of error:

> I. Whether the trial court erred in denying defendant's request to merge the robbery and theft convictions.

> II. Whether the trial court erred at sentencing by not giving defense counsel an opportunity to present mitigating information.

{¶ 2} On May 4, 2018, appellant was indicted in a multi-count indictment regarding the robbery of a Rite Aid pharmacy on February 12, 2018. On December 13, 2018, appellant entered a no contest plea to the lesser included offense of robbery, R.C. 2911.02(A)(2) and (B), and theft of drugs. The remaining counts and the specifications attached to Count 1 were dismissed.

{¶ 3} The prosecution described the evidence it would have presented at trial. On February 12, 2018, appellant approached a Rite Aid pharmacy and handed the pharmacist a note and threatened to kill him if he set off any alarms or called the police. The note instructed the pharmacist to place Percocet in a bag. Appellant tapped his side indicating he had a firearm. The pharmacist put three bottles of Percocet and three fake bottles in a bag which contained GPS trackers. After receiving the bottles, appellant ordered another employee to follow him to the front of the store and showed her the butt of a handgun. The police recovered the note written on the back of a piece of paper which belonged to appellant's family, an ID that belonged to a different family member, and the mask and

2.

gloves used by appellant. DNA taken from the mask and gloves was analyzed and found to match appellant's DNA with the frequency of rarer than one in 1 trillion.

{¶ 4} After the trial court gave appellant the required Crim.R. 11 notifications, the trial court accepted the no contest plea and found appellant guilty of the amended charges. The court asked appellant's counsel if he had a statement to make on behalf of appellant. Counsel emphasized the agreement provided the sentence would be capped at eight years of incarceration. He argued Counts 1 and 3 should merge because the same conduct constituted the theft and the robbery. The court denied the oral motion to merge the counts. After addressing appellant, the court sentenced appellant to eight years of imprisonment as to Count 1 and 12 months as to Count 3. Appellant appeals from this judgment.

{¶ 5} In his first assignment of error, appellant argues the trial court erred in denying his request for merger of the robbery and theft convictions relying upon *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892 and R.C. 2941.25(A).

{¶ 6} R.C. 2941.25 codifies the double-jeopardy protection which prohibits the imposition of multiple punishments for convictions of allied offenses of similar import. *In re A.G.*, 148 Ohio St.3d 118, 2016-Ohio-3306, 69 N.E.3d 646, ¶ 11. The trial court must apply a three-part test for determining whether the defendant has been convicted of allied offenses of similar import. *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 18, quoting *Ruff* at 25. The court "must evaluate three separate factors--the conduct, the animus, and the import--" to determine if the offenses constitute

3.

a single offense or separate offenses. Separate offenses are: (1) "dissimilar in import or significance—in other words, each offense caused separate, identifiable harm" to a single victim or there was harm to multiple victims, (2) "committed separately," or (3) "committed with separate animus or motivation." *Id.* Multiple offenses do not merge if there is more than one victim harmed or there is more than one type of harm. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 4, citing *Ruff*; *State v. Potts*, 2016-Ohio-5555, 69 N.E.3d 1227, ¶ 98 (3d Dist.). We review the trial court's determination de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28.

{¶ 7} Appellant's conviction for robbery was based on R.C. 2911.02(A)(2), which provides that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another." Appellant's conviction for theft was based on R.C. 2913.02(A)(4), which provides that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [b]y threat."

{¶ 8} The two convictions arose out of a single incident involving theft and threats made against two victims, the pharmacist and another store employee. Thus, there was separate, identifiable harm caused by the separate threats made during the separate theft offenses. *Rogers* at ¶ 4; *Ruff* at ¶ 23. Therefore, we find appellant's first assignment of error not well-taken.

4.

**{¶ 9}** In his second assignment of error, appellant argues that the trial court failed to allow appellant's counsel an opportunity to present mitigating information prior to sentencing.

**{¶ 10}** At sentencing, a defendant must be given the opportunity to present mitigating evidence regarding sentencing. Crim.R. 32(A)(1). If the trial court does not provide such opportunity, "resentencing is required unless the error was invited or harmless." *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 200, citing *State v. Osie*, 140 Ohio St.3d 131, 2014-Ohio-2966, 16 N.E.3d 588, ¶ 179.

**{¶ 11}** We find appellant's argument unfounded. After the plea agreement was put into the record and the prosecution presented a statement of the evidence the state was prepared to present at trial, the trial court asked appellant's attorney if he would like to make a statement on behalf of appellant. At that point, the attorney challenged the convictions must merge for sentencing. After counsel and the prosecution addressed that issue, the trial court ruled it rejected counsel's argument, and the trial court then inquired of appellant whether he would like to make any statement before sentence was imposed.

**{¶ 12}** There is no requirement that the court repeatedly ask appellant's counsel to make statements on behalf of the offender. Clearly, the trial court gave appellant's counsel an opportunity to present mitigating evidence. Appellant's second assignment of error is found not well-taken.

{¶ 13} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

_____
JUDGE

Christine E. Mayle, J. _____
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.