[Cite as *In re C.H.*, 2025-Ohio-4955.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE C.H., JR. | : | |
| A Minor Child | : | No. 114941 |
| [Appeal by C.H., Jr.] | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 30, 2025

Civil Appeal from the Cuyahoga County Court of Common Pleas,
Juvenile Division
Case No. DL24106817

*Appearances:*

Patrick S. Lavelle, *for appellant*.

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, Alex Venezia and Martin DiMichele, Assistant
Prosecuting Attorneys, *for appellee*.

SEAN C. GALLAGHER, P.J.:

{¶ 1} Appellant C.H., Jr., appeals the juvenile court's decision adjudicating him delinquent of two counts of rape and one count of abduction and the juvenile court's imposition of consecutive commitments. Upon review, we affirm.

{¶ 2} On June 28, 2024, a complaint was filed alleging appellant to be delinquent of the following offenses that, if committed by an adult, would constitute rape, a felony of the first degree in violation of R.C. 2907.02(A)(2); rape, a felony of the first degree in violation of R.C. 2907.02(A)(1)(b); and abduction, a felony of the third degree in violation of R.C. 2905.02(B). At the time of the offenses, appellant was 14 years old and the victim was his 11-year-old cousin.

{¶ 3} The offenses arose from an incident that was alleged to have occurred on or about December 26, 2021, to January 5, 2022, in Lakewood, Ohio. The victim testified that appellant and his mother were visiting with the victim's family at that time. Appellant's mother and the victim's mother are sisters. The victim testified that while he was in a room playing video games with appellant, appellant told him to "give him head," but the victim refused until appellant brandished a knife. The victim testified that he initially yelled for help, but there was loud music playing and appellant told him to "shut up." According to the victim, when he stepped toward the door, appellant blocked the door, brandished a knife, and forced him to perform oral sex on appellant. The encounter ended when it was believed someone was coming toward the door, and the victim's mother entered the room soon thereafter. The victim then went to brush his teeth and shower. Further details of the incident were offered by the victim during his testimony. The victim did not disclose or report the incident right away. He testified that appellant left his home about a week or two later and the victim "wished to forget about it[.]" The incident came to light in May 2024 when the victim wrote about the incident in a poem that his teacher

shared with the victim's mother. The victim initially did not wish to tell his mother what happened, but he eventually told his mother about the incident. Thereafter, the matter was taken to the police and a complaint was filed.

{¶ 4} The victim's mother testified that her sister and appellant were visiting with her during the time of the incident. She testified that she heard bumping noises and that when she went into the room to investigate, the victim looked really upset and then went into the bathroom. She did not investigate further at the time.

{¶ 5} Appellant's mother testified that they never visited her sister's home during the alleged time frame. Appellant's mother claimed that she was staying in Louisiana at the time, and she stated that she did not return until February 2022. She did not previously claim to have an alibi. She also claimed there had been an incident between herself and her sister's boyfriend; however, this incident was never reported and the sisters still maintained "a decent relationship." She also testified that appellant and the victim have always maintained a close relationship, but she testified that they had interacted only a few times after the alleged incident. Other testimony and evidence were provided.

{¶ 6} The juvenile court adjudicated appellant delinquent of all three counts. On each of the rape counts, the juvenile court ordered appellant placed in the legal custody of the department of youth services ("DYS") for an indefinite term consisting of a minimum period of 12 months and a maximum period not to exceed the appellant's attainment of the age of 21. The commitments were run

consecutively, but the juvenile court ordered the commitments to DYS suspended. On the abduction count, the juvenile court placed appellant on community control. The juvenile court ordered appellant placed on community control for a period of two years and ordered appellant to complete the "PROTECT Program," among other terms. The juvenile court also classified appellant as a "Tier II sex offender child-victim offender."

{¶ 7} On appeal, appellant raises two assignments of error for review. We begin with the second assignment of error, under which appellant claims the juvenile court deprived him of due process because he contends the juvenile court's findings were not supported by sufficient evidence and were against the manifest weight of the evidence.

{¶ 8} Appellant was adjudicated delinquent for committing rape in violation of R.C. 2907.02(A)(2) and 2907.02(A)(1)(b) and committing abduction in violation of R.C. 2905.02(B). The relevant provisions provide as follows:

R.C. 2907.02 Rape

(A)(2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.

(A)(1)(b) No person shall engage in sexual conduct with another when . . . [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

R.C. 2905.02 Abduction

(A) No person, without privilege to do so, shall knowingly . . . (2) By force or threat, restrain the liberty of another person under

circumstances that create a risk of physical harm to the victim or place the other person in fear;

(B) No person, with sexual motivation, shall violate division (A) of this section.

**{¶ 9}** When reviewing whether a juvenile adjudication of delinquency is supported by sufficient evidence or is against the manifest weight of the evidence, appellate courts employ the same standard of review that applies to adult criminal convictions. *In re E.W.*, 2025-Ohio-1461, ¶ 14 (8th Dist.), citing *In re H.H.*, 2023-Ohio-1292, ¶ 21 (8th Dist.). These challenges involve distinct legal concepts and different standards of review. *See State v. Jordan*, 2023-Ohio-3800, ¶ 15, citing *State v. Thompkins*, 78 Ohio St.3d 380 (1997), paragraph two of the syllabus.

**{¶ 10}** When considering a challenge to the sufficiency of the evidence, we review the evidence admitted at trial and determine "whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "A verdict should not be disturbed on appeal unless reasonable minds could not reach the trier of fact's conclusion." *Jordan* at ¶ 16, citing *State v. Montgomery*, 2016-Ohio-5487, ¶ 74.

**{¶ 11}** When considering a manifest-weight-of-the-evidence challenge, this court, sitting as the "thirteenth juror," reviews the entire record and "'weighs the evidence and all reasonable inferences, considers the credibility of witnesses and

determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed, and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983). A manifest-weight challenge should be sustained "'only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*, quoting *Martin* at 175.

{¶ 12} Under his sufficiency challenge, appellant asserts that the testimony shows that the relationship between the sisters had changed after the alleged incident between appellant's mother and her sister's boyfriend. However, appellant's mother testified that they were not as close because she no longer resided with her sister and they were not around each other as much. The record does not reflect the testimony was tainted, as appellant suggests. Also, the mere fact that there was a delayed disclosure of the incident by the victim does not render the testimony incredible. Additionally, we recognize that these arguments are focused on credibility determinations that are outside the scope of a sufficiency analysis. *See State v. Silver*, 2025-Ohio-2771, ¶ 32-33 (8th Dist.); *Jenks* at paragraph two of the syllabus. Insofar as appellant maintains the testimony of his mother that both she and appellant were living outside of Ohio on the date of the alleged incident constituted an alibi defense, which he asserts was not contradicted, the record shows that both the victim and the victim's mother testified that they were visiting with them in Lakewood, Ohio, on the date of the

incident. As this court has previously recognized, "when reviewing whether a conviction is supported by sufficient evidence, we look to whether the state presented sufficient evidence, not whether that evidence was rebutted by the defense." *State v. Roan*, 2020-Ohio-5179, ¶ 21 (8th Dist.). Here, the victim testified to the details of what transpired, and his testimony alone is sufficient to sustain the delinquency adjudication on all counts. *See State v. O'Boyle*, 2024-Ohio-5480, ¶ 26 (8th Dist.), citing *State v. Smith*, 2023-Ohio-1670, ¶ 20 (8th Dist.). After viewing the evidence in a light most favorable to the prosecution, we find any rational trier of fact could have found the essential elements of the offenses proven beyond a reasonable doubt.

{¶ 13} Under his manifest-weight challenge, appellant again claims that an alibi defense was presented that was not contradicted. However, the record shows that the testimony provided by appellant's mother was contradicted by both the victim and the victim's mother, and the claimed alibi defense was not corroborated. In any event, the juvenile court, as the trier of fact, was free to believe the testimony offered by the State and reject that of the defense. *See State v. Walton*, 2011-Ohio-5662, ¶ 19 (8th Dist.), citing *State v. Cotton*, 1996 Ohio App. LEXIS 5437, *5 (2d Dist. Dec. 6, 1996). After reviewing the entire record, we do not find this to be the exceptional case in which the evidence weighs heavily against the adjudication of delinquency.

{¶ 14} Upon our review of the record, and after applying the relevant standards herein, we find that the delinquency adjudication as to each of the three

counts is supported by sufficient evidence and is not against the manifest weight of the evidence. We are not persuaded by appellant's arguments otherwise. Appellant's second assignment of error is overruled.

{¶ 15} Under his first assignment of error, appellant claims the juvenile court erred by imposing consecutive commitments without making sufficient findings of fact as required by R.C. 2929.14(C)(4). Appellant's argument is misplaced.

{¶ 16} Here, we recognize that the juvenile court made R.C. 2929.14(C)(4) findings in its journal entry without stating findings upon the record. However, no such findings are required under R.C. 2152.17(F).

{¶ 17} As this court has previously recognized, "juvenile offenders are treated differently from adult offenders for purposes of confinement." *In re R.L.*, 2005-Ohio-26, ¶ 14 (8th Dist.). "[F]or the juvenile offender, the state's objectives focus on protection, development and rehabilitation." *Id.* at ¶ 20; *see also* R.C. 2152.01(A). As applicable to this case, the plain language of R.C. 2152.17(F) vests the juvenile court with discretion to impose consecutive commitments to the DYS, provided the total commitment does not exceed the child's attainment of 21 years of age. *See* R.C. 2152.17(F); *In re A.G.*, 2016-Ohio-3306, ¶ 40 (O'Donnell, J., dissenting). A juvenile court is not required to provide any findings thereunder for the imposition of consecutive periods of commitment. *See In re R.L.* at ¶ 14; *In re Chappell*, 164 Ohio App.3d 628, 635 (7th Dist. 2005).

{¶ 18} Ultimately, the juvenile court has discretion to impose consecutive commitments pursuant to R.C. 2152.17(F), and no reversible error has been shown.[1] Accordingly, we overrule appellant's first assignment of error.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)

---

[1] To the extent the juvenile court did include findings in its journal entry, those findings are supported by the record herein.