[Cite as *State v. Thompson*, 2026-Ohio-313.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-G-0023 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| LEROY C. THOMPSON, | Trial Court No. 2024 C 000030 |
| Defendant-Appellant. | |

## OPINION AND JUDGMENT ENTRY

Decided: February 2, 2026
Judgment: Affirmed

*James R. Flaiz*, Geauga County Prosecutor, and *Christian A. Bondra*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Edward F. Borkowski, Jr.*, P.O. Box 609151, Cleveland, OH 44109 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Leroy C. Thompson, appeals his convictions for Robbery and Misdemeanor Theft and his designation as a Repeat Violent Offender ("RVO") following a jury trial in the Geauga County Court of Common Pleas.

{¶2} Appellant raises three assignments of error. First, Appellant argues that the jury's guilty verdicts are against the manifest weight of the evidence. According to Appellant, the testimony of the State's witnesses was not credible or persuasive, and the trial court should have excluded their in-court identifications of him as unreliable and impermissibly suggestive. Second, Appellant argues that his sentence is contrary to law

because the statutory requirements to be designed an RVO were not met. Third, Appellant argues that the trial court committed plain error by failing to merge Robbery and Misdemeanor Theft as allied offenses at sentencing.

{¶3} Having reviewed the record and the applicable law, we find that Appellant's assignments of error lack merit. First, the jury's verdicts are not against the manifest weight of the evidence. We find no compelling basis to disturb the jury's credibility determinations, and we decline Appellant's request to adopt a new "judicial prescreening process" for Ohio courts. Since Appellant did not object to the admission of the in-court identifications and has not argued plain error on appeal, there is no valid legal basis to exclude them. Second, Appellant has not clearly and convincingly established that his sentence is contrary to law. The record does not demonstrate that Appellant's prior convictions in Cuyahoga County were committed "at the same time or as part of the same act or event" under R.C. 2929.14(B)(2)(c). Third, the trial court did not commit plain error by not merging Robbery and Misdemeanor Theft as allied offenses at sentencing because the offenses caused separate and identifiable harm and involved separate victims.

{¶4} Therefore, we affirm the judgment of the Geauga County Court of Common Pleas.

**Substantive and Procedural History**

{¶5} On January 27, 2024, Appellant entered a Walmart in Chardon, Ohio, identified himself as a Spark driver, and requested several electronic items. A Spark driver is a person who picks up items and delivers them to customers. Brenda Waterman, an assistant manager, brought the items to the self-checkout area for scanning. During the transaction, Waterman realized that Appellant was not actually a Spark driver.

Appellant grabbed the items and began backing away. As he did so, Appellant looked Waterman in the eyes and said, "I have a gun. I will shoot you." Appellant continued backing up toward the exit, and Waterman followed him. Appellant again stated, "I have a gun. I'm going to shoot you." Appellant turned to leave the store and encountered Jonathan Chmielewski, a Walmart maintenance worker. According to Chmielewski, he heard Appellant threaten to shoot Waterman. He "wrapped [Appellant] up," but Waterman told him to let Appellant leave. Appellant shoved Chmielewski aside and ran out of the store.

{¶6} Officer Pirnat of the Chardon Police Department arrived in response to a reported theft. He spoke to the witnesses, who described the suspect as a black male with dreadlocks wearing a white and black jacket. Officer Pirnat also reviewed the surveillance video. The first video shows the transaction from directly above the self-checkout register; the second shows the offender running out of the store. Officer Pirnat subsequently interviewed Appellant. According to Officer Pirnat, Appellant had hand tattoos that matched those depicted on the first surveillance video.

{¶7} On February 27, 2024, the Geauga County Grand Jury indicted Appellant on three felonies: Robbery, a second-degree felony in violation of R.C. 2911.02(A)(2) (Count 1), along with an RVO specification pursuant to R.C. 2941.149(A); Robbery, a third-degree felony in violation of R.C. 2911.02(A)(3) (Count 2); and Theft, a fifth-degree felony in violation of R.C. 2913.02(A)(1) (Count 3).

{¶8} On October 31, 2024, Appellant was arraigned and pleaded not guilty. The Geauga County Public Defender's Office was appointed to represent him.

Case No. 2025-G-0023

{¶9}    On January 8, 2025, the trial court held a case management conference. Upon the request of Appellant's counsel, the trial court continued the scheduled trial date so that Appellant's counsel could verify Appellant's alibi and prepare for trial.

{¶10}    On March 18, 2025, the trial court held a second case management conference.  Appellant's counsel informed the trial court that Appellant wished to proceed pro se.  The trial court engaged in a colloquy with Appellant.  Following the colloquy, the trial court permitted Appellant's counsel to withdraw and permitted Appellant to proceed pro se. The trial court appointed the Geauga County Public Defender's Office as standby counsel.

{¶11}    On April 1, 2025, the trial court granted the State's motion to amend Count 3 of the indictment to Misdemeanor Theft, a first-degree misdemeanor in violation of R.C. 2913.02(A)(1).

{¶12}    On April 23, 2025, the trial court held a third case management conference. Among other issues, the trial court discussed Appellant's decision to represent himself. Following a lengthy discussion, Appellant indicated that he understood his rights and signed a waiver of his right to counsel.

{¶13}    On April 29, 2025, the case was tried to a jury.  The State presented testimony from Officer Pirnat, Waterman, and Chmielewski and submitted the surveillance video.  Appellant did not present witness testimony, and the trial court denied his request to admit Chmielewski's written statement as an exhibit.  Following deliberations, the jury returned a verdict of guilty on Count 1 (Robbery in relation to Waterman) and Count 3 (Misdemeanor Theft) and not guilty on Count 2 (Robbery in relation to Chmielewski).

Case No. 2025-G-0023

{¶14} On May 13, 2025, the trial court held a hearing on the RVO specification. Joshua Fritz, a parole officer with the Adult Parole Authority, testified that he previously supervised Appellant and that Appellant pleaded guilty in Cuyahoga County to Involuntary Manslaughter and Aggravated Robbery, both first-degree felonies. The trial court found the existence of three violent offenses within the last 20 years and determined that Appellant was an RVO.

{¶15} On June 16, 2025, the trial court held a sentencing hearing. For Robbery, the trial court sentenced Appellant to an indefinite prison term of 8 to 12 years. For the RVO specification, the trial court sentenced Appellant to an additional prison term of five years to be served consecutively. For Misdemeanor Theft, the trial court sentenced Appellant to 180 days of incarceration to be served concurrently.

{¶16} On June 30, 2025, Appellant timely appealed and raises three assignments of error.

**Manifest Weight of the Evidence**

{¶17} Appellant's first assignment states: "Appellant's Convictions are Against the Manifest Weight of the Evidence."

{¶18} "[W]eight of the evidence addresses the evidence's effect of inducing belief." *State v. Wilson*, 2007-Ohio-2202, ¶ 25. In assessing whether a verdict is against the manifest weight of the evidence, "'[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury [or trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 1997-Ohio-52, ¶ 25, quoting

Case No. 2025-G-0023

*State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Id.*, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). "'The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*, quoting *Martin* at 175.

{¶19} Appellant argues that the testimony of the State's witnesses was not credible or persuasive. Regarding Officer Pirnat, Appellant contends that his testimony was based on "hearsay"; that the officer provided no information about when or why Appellant became a suspect; and that the quality of the surveillance video was insufficient to identify (1) the details of the offender's hand tattoos or (2) the individual running out of the store. Regarding Waterman, Appellant contends that her testimony about the offender's actions—i.e., that the offender backed up, looked her in the eyes, and threatened her—is inconsistent with the video evidence. Regarding Chmielewski, Appellant contends that since the jury acquitted him of Robbery in Count 2, the jury must have found Chmielewski to be not credible.

{¶20} "[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. This is because the trier of fact "is in the best position to observe and evaluate the demeanor, voice inflection, and gestures of the witnesses." *State v. Dach*, 2006-Ohio-3428, ¶ 42 (11th Dist.). "A fact finder is free to believe all,

Case No. 2025-G-0023

some, or none of the testimony of each witness appearing before it." *State v. Fetty*, 2012-Ohio-6127, ¶ 58 (11th Dist.).

{¶21} Upon review, we find no compelling basis upon which to disturb the jury's credibility determinations. First, Officer Pirnat testified about his investigation of the offenses; he did not purport to have firsthand knowledge of their commission. While Appellant is correct that Officer Pirnat did not explain how or why Appellant became a suspect, the lack of such testimony, by itself, does not weigh heavily against Appellant's identity as the offender. Further, the first video clearly depicts the offender's hands and the presence of a tattoo. The second video clearly depicts an individual running away. Unlike this Court on appeal, the jury was able to personally view Appellant during trial and determine whether his appearance was consistent with the video evidence.

{¶22} Second, the surveillance video was not recorded from Waterman's vantage point. Therefore, it cannot be reasonably expected to corroborate or discredit her testimony.

{¶23} Third, the jury's not-guilty verdict on Count 2 does not compel the conclusion that Chmielewski was not a credible witness. Appellant was charged with Robbery in violation of R.C. 2911.02(A)(3), which provides, "[1] No person, [2] in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, [3] shall . . . [u]se or threaten the immediate use of force against another." "'Force' means any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1). Chmielewski testified that Appellant "sort of shoved me to the side so he could take off running." The jury may have

Case No. 2025-G-0023

concluded that Chmielewski's testimony did not establish the element of "force" beyond a reasonable doubt.

{¶24} Appellant next argues that the witnesses' in-court identifications of him were unreliable and impermissibly suggestive. According to Appellant, such identifications constituted a "show up" because there was no question at trial that he was the defendant. Appellant asks us to adopt "a judicial prescreening process" like the Supreme Court of Connecticut established in *State v. Dickson*, 322 Conn. 410 (2016). We decline Appellant's invitation. The Supreme Court of Ohio has exclusive authority to prescribe rules of procedure for Ohio courts. *See State ex rel. Loyd v. Lovelady*, 2006-Ohio-161, ¶ 6; Ohio Const., art. IV, § 5(B).

{¶25} Alternatively, Appellant argues that the trial court should have excluded the witnesses' in-court identifications as unreliable under existing Ohio law, citing *In re M.I.*, 2024-Ohio-2266 (8th Dist.). In that case, the Eighth District considered the following factors in determining whether the trial court abused its discretion in admitting a witness' in-court identification of the appellant:

> 1) the witness's opportunity to view the suspect at the time of the incident, 2) the witness's degree of attention, 3) the accuracy of the witness's prior description, 4) the witness's certainty when identifying the suspect at the time of the confrontation, and 5) the time that elapsed between the crime and the identification.

*Id*. at ¶ 27, 30.

{¶26} Here, Appellant did not object to the admission of the witnesses' in-court identifications. Therefore, the trial court had no occasion to consider the foregoing factors on the record. Appellant has also not argued plain error on appeal. Consequently, there is no valid legal basis to exclude the witnesses' in-court identifications.

Case No. 2025-G-0023

{¶27} Appellant's first assignment of error is without merit.

## RVO

{¶28} Appellant's second assignment of error states: "Appellant's Sentence is Contrary to Law."

{¶29} Appellant argues that the trial court erred in imposing the longest prison term for Robbery and an additional prison term for the RVO specification because the statutory requirements were not met.

{¶30} Appellate review of a felony sentence is governed by R.C. 2953.08(G)(2), which provides, in relevant part:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶31} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the

syllabus. "Contrary to law" means "'in violation of statute or legal regulations at a given time.'" *State v. Jones*, 2020-Ohio-6729, ¶ 34, quoting *Black's Law Dictionary* (6th Ed. 1990).

{¶32} Sentencing for an RVO specification is governed by R.C. 2929.14(B)(2), which provides, in relevant part:

> (b) The court shall impose on an offender the longest prison term authorized or required for the offense . . . and shall impose on the offender an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if all of the following criteria are met:
>
>> (i) The offender is convicted of or pleads guilty to a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender.
>>
>> (ii) *The offender within the preceding twenty years has been convicted of* or pleaded guilty to *three or more offenses described in division (CC)(1) of section 2929.01 of the Revised Code*, including all offenses described in that division of which the offender is convicted or to which the offender pleads guilty in the current prosecution and all offenses described in that division of which the offender previously has been convicted or to which the offender previously pleaded guilty, whether prosecuted together or separately.
>>
>> (iii) The offense or offenses of which the offender currently is convicted or to which the offender currently pleads guilty is . . . any felony of the second degree that is an offense of violence and the trier of fact finds that the offense involved an attempt to cause or a threat to cause serious physical harm to a person or resulted in serious physical harm to a person.
>
> (c) *For purposes of division (B)(2)(b) of this section, two or more offenses committed at the same time or as part of the same act or event shall be considered one offense, and that one offense shall be the offense with the greatest penalty*.

(Emphasis added.)

Case No. 2025-G-0023

{¶33} R.C. 2929.14(B)(2)(d) provides that "[t]he offender shall serve an additional prison term imposed under division (B)(2)(a) or (b) of this section consecutively to and prior to the prison term imposed for the underlying offense."

{¶34} Appellant argues that based on the evidence presented at the RVO hearing, the trial court could not have concluded that his prior convictions in Cuyahoga County for Involuntary Manslaughter and Aggravated Robbery were committed at different times or were different acts or events. Therefore, the trial court should have considered them to be one offense under R.C. 2929.14(B)(2)(c). Because there was not evidence of three offenses, the requirement in R.C. 2929.14(B)(2)(b)(ii) was not met.

{¶35} Appellant's argument misapprehends our standard of review. As we have explained, the "clear and convincing" standard in R.C. 2953.08(G)(2) is written in the negative. *State v. Tate*, 2016-Ohio-8421, ¶ 15 (11th Dist.). Therefore, this Court may only modify or vacate a sentence if we find by clear and convincing evidence that the record does not support the sentencing court's findings or that the sentence is contrary to law. *Id*. Here, the record does not demonstrate that Appellant's prior convictions were committed "at the same time or as part of the same act or event" under R.C. 2929.14(B)(2)(c); therefore, Appellant has not clearly and convincingly established that his sentence is contrary to law.

{¶36} Appellant's second assignment of error is without merit.

**Merger**

{¶37} Appellant's third assignment of error states: "The Trial Court Erred by Failing to Merge Allied Offenses."

{¶38} Appellant argues that the trial court erred by failing to merge Robbery and Misdemeanor Theft as allied offenses at sentencing.

{¶39} Because Appellant failed to raise the issue of merger in the trial court, we review for plain error. *State v. Bailey*, 2022-Ohio-4407, ¶ 7. "Under the plain-error doctrine, intervention by a reviewing court is warranted only under exceptional circumstances to prevent injustice." *Id*. at ¶ 8. "To establish plain error," Appellant "must show that an error occurred, that the error was obvious, and that there is 'a reasonable probability that the error resulted in prejudice,' meaning that the error affected the outcome of the trial." (Emphasis deleted.) *State v. McAlpin*, 2022-Ohio-1567, ¶ 66, quoting *State v. Rogers*, 2015-Ohio-2459, ¶ 22.

{¶40} R.C. 2941.25 sets forth when a defendant may be convicted of multiple offenses:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶41} Courts apply the following three-part test to determine whether a defendant can be convicted of multiple offenses:

[W]hen determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

Case No. 2025-G-0023

*State v. Ruff*, 2015-Ohio-995, ¶ 31.

{¶42}  Appellant cites *State v. Cook*, 2024-Ohio-2966 (5th Dist.), for the general proposition that "[r]obbery and theft are allied offenses."  *Id.* at ¶ 45.  Appellant argues that his Robbery and Misdemeanor Theft offenses were based on the same conduct and animus; therefore they are allied offenses that merged for sentencing.

{¶43}  The Supreme Court of Ohio has held that "[t]he determination whether an offender has been found guilty of allied offenses of similar import 'is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct,' and 'an offense may be committed in a variety of ways.'"  *State v. Williams*, 2016-Ohio-7658, ¶ 18, quoting *Ruff* at ¶ 26, ¶ 30.  In addition, "[t]wo or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable."  (Emphasis added.) *Ruff* at paragraph two of the syllabus.

{¶44}  Here, Appellant was found guilty of Misdemeanor Theft in violation of R.C. 2913.02(A)(1), which provides, "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services . . . [w]ithout the consent of the owner or person authorized to give consent[.]" Appellant committed Misdemeanor Theft by stealing store merchandise from Walmart. Appellant was also found guilty of Robbery in violation of R.C. 2911.02(A)(2), which provides, "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall . . . [i]nflict, attempt to inflict, or threaten to inflict physical harm on another[.]"  Appellant committed Robbery when he threatened to shoot Waterman while stealing the store merchandise.  Therefore, Appellant's offenses caused

separate and identifiable harm and involved separate victims. Consequently, the trial court did not commit plain error by not merging Robbery and Misdemeanor Theft as allied offenses at sentencing. *See State v. Hicks*, 2025-Ohio-2520, ¶ 40 (8th Dist.) (Grand Theft and Robbery did not merge); *State v. Parcher*, 2020-Ohio-293, ¶ 8 (6th Dist.) (Robbery and Theft did not merge).

{¶45} In *Cook*, 2024-Ohio-2966 (5th Dist.), by contrast, the appellate court found that Grand Theft and Robbery merged because the facts of the case indicated that the offenses were not separate and distinct, there was only one victim, and the offenses were committed with the same animus or motivation. *Id*. at ¶ 51. In other words, the offenses in *Cook*, unlike in the present case, did not involve separate and identifiable harm or separate victims; therefore, *Cook* is factually distinguishable.

{¶46} Appellant's third assignment of error is without merit.

{¶47} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed.


MATT LYNCH, P.J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-G-0023

## JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Geauga County Court of Common Pleas is affirmed.

Costs to be taxed against Appellant.

JUDGE JOHN J. EKLUND

PRESIDING JUDGE MATT LYNCH,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-G-0023